IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~EASTERN~~ DIVISION
NORTHERN

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 21 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

GLENN KASPER                    ORIGINAL                                    PLAINTIFF

versus                                            Civil Action Number: 3:15cv613WHB-JCG

THE BOARD OF SUPERVISORS OF LAUDERDALE COUNTY, MS,
SHERIFF WILLIAM SOLLIE,
WESLEY STEPHENS, RUSTON RUSSELL, JACOB MATHIS,
ANDY MATUSZEWSKI, JEROME MOORE, DEPUTY FNUK TEW, AND
DEPUTY FNUK ANDERSON, AND OTHER UNNAMED INDIVIDUALS,
in their personal and business capacities                                    DEFENDANTS

---

## COMPLAINT IN CIVIL ACTION
## JURY TRIAL DEMANDED

---

**COMES NOW** Plaintiff, GLENN KASPER, by and through undersigned counsel, and files

this Complaint In Civil Action, and respectfully shows this Honorable Court the following, to-wit:

### PARTIES

A.     Plaintiff, an adult resident citizen of Lauderdale County, Mississippi whose

address is 8990 Massey Estates Dr, Meridian, Mississippi 39305.

B.     Defendant, THE LAUDERDALE COUNTY BOARD OF SUPERVISORS, is a

political subdivision under section 11-46-1 of the Mississippi Code Annotated, as

amended who may be served by hand delivering a copy of this Complaint to the

Lauderdale County Chancery Clerk, the Honorable Carolyn Mooney.

C.     Defendant, WESLEY STEPHENS, is or was an employee of the Lauderdale County

Board of Supervisors during the time of the alleged tort in this civil action and he

may be served in Lauderdale County, Mississippi, was at all times material to the

Page 1 of 18

allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

D.   Defendant, RUSTON RUSELL, is or was an employee of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

E.   Defendant, JACOB MATHIS, is or was an employee of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

F.   Defendant, ANDY MATUSZEWSKI, is or was an employee of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

G.   Defendant, JEROME MOORE, is or was an employee of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

Kasper000002Complaint

H.    Defendant, DEPUTY FNUK TEW, is or was an employee of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

I.    Defendant, DEPUTY FNUK ANDERSON, is or was an employee of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

J.    Defendants, UNKNOWN INDIVIDUALS, are or were employees of Lauderdale County Board of Supervisors during the time of the alleged tort in this civil action and he may be served in Lauderdale County, Mississippi, was at all times material to the allegations in this Complaint, acting in his capacity as a law enforcement officer and acting under color of state law.

K.    The Defendant, SHERIFF WILLIAM SOLLIE, is a citizen and resident of Lauderdale County, Mississippi, and was at all times material to the allegations in this Complaint, employed as the Sheriff of Lauderdale County, Mississippi, and is responsible for the supervision and training of the Defendants herein, as the Sheriff of Lauderdale County, Mississippi is further, responsible for making and/or implementing policies and practices used by law enforcement officers employed by the Lauderdale County, Mississippi regarding arrests and the use of force.

Page 3 of 18

That at all times material to this Complaint, the Defendant acted towards the Plaintiff under color of state law.

## JURISDICTION AND VENUE

1.     This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; retaliating against Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2.     This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant 2 to 28 U.S.C. Sections 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. Sections 2201 and 2202, 42 U.S.C. Section 1983 and Rule 57 of the Federal Rules of Civil Procedure.

3.     This Court has personal jurisdiction over the Defendant since The Lauderdale County Board of Supervisors is a political subdivision in Lauderdale County, Mississippi.

4.     Venue is proper in the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. § 1391(b)(1) , since the Defendant, The Lauderdale County Board of Supervisors is a political subdivision regular conduct its affairs in this judicial district.   The actions complained of took place in this judicial district; evidence and records relevant to the allegations are maintained in this judicial district

## FACTS

5.     On or about Saturday, May 24, 2015, at 1949 hours (7:49 p.m.), Plaintiff was encountered by Lauderdale County Sheriff's Department deputies at the intersection of Allen Swamp

Kasper000004Complaint

Road and Pine Springs Road.

     6.    Earlier that day, Plaintiff spent the day on the river with his kids and fellow jet pilot Ray Sweeney and his kids. After leaving Mr. Sweeney's home, , the following incident occurred, to-wit:

     a.    Plaintiff entered the intersection of Allen Swamp Road and Pine Springs Road at approximately 7:49 p.m. Plaintiff did not see any oncoming signs on the roadway indicating the existence of a safety checkpoint. When Plaintiff first observed Defendant Deputy Russell, no signal, hand or otherwise, was given indicating that he should stop beyond compliance with rules of the road.

     b.    After briefly stopping at the intersection, Plaintiff's driver's side window was smashed by a Lauderdale County Deputy.

     c.    At this time, no officer and/representative of the Lauderdale County Sheriff's Department requested inspection of Plaintiff's personal identification, vehicle registration, and/or liability insurance documentation.

     d.    Nevertheless, Plaintiff was referred to by the Deputy assisting the vehicle behind his as "one of their regulars." Moreover, none of the standard operating procedure for encountering a vehicle was followed. A Deputy was observed hollering at Plaintiff while he was still sitting the behind the wheel of his vehicle. *See a copy of the statement of Dalton House attached, hereto, marked Exhibit "A" and incorporated herein by reference verbatim.*

     e.    Obstensibly, the Deputies believed that Plaintiff was one in the same as his brother, Christopher Kasper, as they called dispatched and initially reported that the charge was driving under the influence-third offense or greater.

Kasper000005Complaint

f.      At this time and with no probable cause for an arrest, Plaintiff was grabbed, pulled, by several Deputies, and removed from his vehicle head first. Lauderdale County Deputies immediately continued to use excessive force by ripping Plaintiff's shirt completely off and repeatedly assaulting him, specifically smashing his head into the pavement.

g.      Moreover, Plaintiff was observed being tased by a certain deputy notwithstanding his failure to defend himself at this time. *See the statement of Dalton House attached, marked Exhibit "A" and incorporated herein by reference verbatim.* Subsequently, Plaintiff was tased again after being placed into the Deputy's patrol car.

h.      At the Lauderdale County Detention Center, Plaintiff was immediately strip searched and the two taser barbs were removed from his person. Subsequent thereto, it was later discovered that Plaintiff was not Christopher Kasper, and the traffic offense was immediately downgraded to the less included charge of driving under the influence-other substance among other misdemeanor charges. It is important to note that Plaintiff's driver's license was in his front cargo pocket on his shorts.

i.      While in booking and being notified of the DUI charge, Plaintiff made several requests to the booking officer, Deputy Tew/Pew, for a blood test at his expense. Moreover, at no time, was Plaintiff ever given a portable breath test, a standardized field sobriety test, or the opportunity for the administration of the Intoxilyzer 8000 machine.

j.      That Plaintiff ultimately discovered that he was charged with several misdemeanor violations being: (1) Driving under the influence other substance, 1st Offense; (2) Resisting Arrest; (3) Disregard of Traffic Device; (4) Disorderly Conduct/Failure to Obey (count I); (5) Disorderly Conduct/Failure to Obey (count II); and (6) Disorderly Conduct/Failure to Obey

Kasper000006Complaint

(count III).

7.    That as a result of said charges, Plaintiff hired defense counsel to represent his rights and interests before the Lauderdale County Justice Court. That plaintiff incurred an attorney fee charge for these services.

8.    That on January 13, 2015, the Plaintiff along with Defense Counsel, the Honorable Andy Davis, appeared in the Lauderdale County Justice Court. At said court appearance, the Court dismissed all charges except Counts I and II of Disorderly Conduct. That the court specifically noted remarked "Insufficient evidence" as to the driving under the influence charge. *A copy of the Justice Court abstracts are attached hereto, marked as composite exhibit "B".*

9.    That Plaintiff would further show that as a result of the unfounded and subsequently dismissed driving under the influence charge, he was temporarily suspended for at least a month from his employment as an airplane pilot. Plaintiff would show that he was, at the time in question, making roughly $10,000.00 per month from his employer. Plaintiff would further show that he had to undergo investigations at his employment that were specifically related to the driving under the influence-other charge.

10.   Plaintiff would further show on May 27, 2014, that as result of the Defendant Deputies' action causing the damage to his driver side front window, specifically destroying the front driver's side window, Plaintiff was required to employ the services of Novus Glass of Meridian to replace the subject window thereby incurring a cost of $176.55. *A copy of the receipt from Novus Glass is attached hereto, marked Exhibit "C" and incorporated by reference verbatim.*

11.   Plaintiff would further show on May 25, 2014, that as result of the Defendants actions, he was required to pay a towing fee in the amount $205.00 to Ray Coats Towing and

Kasper000007Complaint

Recovery Services. *A copy of the receipt is attached hereto, marked Exhibit "D" and incorporated herein by reference verbatim.*

## CAUSE OF ACTION

## COUNT ONE

## CONSTITUTIONAL AND CIVIL RIGHTS

## PURSUANT TO 42 U.S.C. SECTIONS 1983 AND 1988

12.     The foregoing allegations are incorporated as if re-alleged herein.

13.     That the Defendant acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

14.     As a direct result and proximate result of the Defendants' violation of the Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include loss salary, temporary loss employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT TWO

## Unconstitutional Prior Restraint Pursuant to 42 U.S.C. sections 1983 and 1988

15.     The foregoing allegations are incorporated as if re-alleged herein.

16.     The Defendants  prohibited and restrained the Plaintiff without probable cause.

17.     As a direct result and proximate result of the Defendants' violation of the Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include

Kasper000008Complaint

lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court.

## COUNT THREE

### VIOLATION OF TO 42 U.S.C. SECTION 1983: ARREST

18. The foregoing allegations are incorporated as if re-alleged herein.

19. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, 1985, 1986, and 1988.

20. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, 2 to wit,

(a) by depriving Plaintiff of his liberty without due process of law, by taking him into custody and holding him there against his will,3

(b) by making an unreasonable search and seizure of his property without due process of law,

(c) by conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws,

(d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

21. As a result of their concerted unlawful and malicious arrest by Defendants, and Plaintiff was deprived of both his liberty without due process of law and his right to equal protection

Kasper000009Complaint

of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

22.     As a direct result and proximate result of the Defendants' violation of the Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court.

## COUNT FOUR

## VIOLATION OF TO 42 U.S.C. SECTION 1983: DETENTION AND CONFINEMENT

23.     The foregoing allegations are incorporated as if re-alleged herein.

24.     As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

25.     As a direct result and proximate result of the Defendants' violation of the Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court.

Kasper000010Complaint

## COUNT FIVE

## VIOLATION OF TO 42 U.S.C. SECTION 1983: STRIP SEARCH

26.     The foregoing allegations are incorporated as if re-alleged herein.

27.     As a result of their concerted unlawful and malicious arrest, detention, and confinement of Plaintiff, Defendants caused Plaintiff to be subjected in the Lauderdale County Detention Facility to a strip search of his body, including his rectal cavity, in a situation where there was no reason to believe that weapons or contraband had been concealed on or in his body, and thus deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

28.     As a direct result and proximate result of the Defendants' violation of the Plaintiff's constitutional rights, Plaintiff has suffered severe and substantial damages. These damages include lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court.

## COUNT SIX

## MALICIOUS PROSECUTION

29.     The foregoing allegations are incorporated as if re-alleged herein.

30.     Defendants instituted criminal process against the plaintiff with malice:

(a) the Defendants played an active part in the initiation of the criminal proceedings; and

Kasper000011Complaint

(b) Defendant Deputy signed the criminal complaint against Plaintiff.

31.     The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was guilty.

(a) the Defendant deputies has a duty to investigate and ascertain whether there was reasonable and probable cause for a prosecution;

(b)     the Defendants breach their duty

(c)     The Defendant recklessly made statements charging the Plaintiff thereby resulting in Plaintiff's arrest.

(d)     That the Defendant deputies instigated and/or participated in charging the Plaintiff for an improper purpose.

32.     That the criminal proceeding terminated in favor of the plaintiff when the Lauderdale County prosecutor recommended the dismissal of all four charges of the six charges against Plaintiff and the court accepted the recommendation and dismissed the four charges against the Plaintiff.

33.     The Defendant Lauderdale County Board of Supervisors are liable under the theory of respondeat superior.

34.     Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT SEVEN

## FALSE ARREST AND FALSE IMPRISONMENT

35.     The foregoing allegations are incorporated as if re-alleged herein.

36.     At all times relevant herein, (a) the Defendants acted with the intention of confining

Page 12 of 18

Kasper000012Complaint

Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Plaintiff was conscious of the confinement.

37.    Defendants imposed by force or threats an unlawful restraint upon his freedom of movement, to wit by arresting and handcuffing his hands behind his back, transporting him to the Lauderdale County Detention Facility where he was detained in a cell.

38.    Then, under the color of state law, the Defendant, by not checking the Plaintiff's wallet that was in front pocket of his cargo shorts, indirectly caused the unlawful imprisonment and consequential strip-search of Plaintiff in the County jail.

39.    As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered harm and damages including but not limited to the aforesaid damages.

40.    The Defendant Lauderdale County Board of Supervisors are liable under the theory of respondeat superior.

41.    Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT EIGHT

### ASSAULT AND BATTERY

42.    The foregoing allegations are incorporated as if re-alleged herein.

43.    Without the consent of Plaintiff, Defendants Ed intentionally, harmfully, and offensively touched Smith by tasing/tazing, handcuffing, punching, and kicking him.

44.    Without the consent of Plaintiff, Defendants indirectly caused an unknown person to intentionally, harmfully, and offensively touch Plaintiff when chaining and shackling Plaintiff at the Lauderdale County Detention Center.

Page 13 of 18

45.    Without the consent of Plaintiff, Defendants indirectly caused an unknown corrections officer at Lauderdale County Detention Facility to intentionally, harmfully, and offensively touch Plaintiff when strip-searching, including a search of his bodily cavities.

46.    The Defendant Lauderdale County Board of Supervisors are liable under the theory of respondeat superior.

47.    Plaintiff demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT NINE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.    The foregoing allegations are incorporated as if re-alleged herein.

49.    Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the plaintiff, by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

50.    Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

51.    The actions of the Defendants were the cause of Plaintiff's distress.

52.    Plaintiff is a reasonable man.

53.    The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

54.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and,

Kasper000014Complaint

with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

55.    Defendants Lauderdale County Board of Supervisors are liable under the doctrine of respondeat superior.

56.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

57.    Plaintiff demands judgment against all Defendants, jointly and severally, for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT TEN

## VIOLATION OF TO 42 U.S.C. SECTION 1983

## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

58.    The foregoing allegations are incorporated as if re-alleged herein.

59.    Defendant in concert with the other Defendants at the scene, intentionally violated the civil rights of the Plaintiff by his malicious and wanton disregard for Plaintiffs' property rights. The breaking of the driver side window of the Plaintiff's vehicle amounted to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

60.    By breaking the driver's side window of the Plaintiff within inches of the Plaintiff, the Defendants actually and proximately inflicted an outrageous violation of constitutional rights upon the Plaintiff, for which Defendants are liable and Plaintiffs seek damages therefor.

Kasper000015Complaint

## COUNT ELEVEN

## CONVERSION

61.     The foregoing allegations are incorporated as if re-alleged herein.

62.     Defendants acted intentionally or in reckless disregard of probable consequences in the exercise of dominion or control over Plaintiffs' personal property as described.

63.     The manner in which Defendants exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiffs' rights as property owners to enjoy and/or control their personalty.

64.     As a direct and proximate result of one or more of Defendants' acts of conversion and the injuries resulting from those acts, Plaintiffs lost the intrinsic value of their property and suffered economic and non-economic damages.

## COUNT TWELVE

## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTION 1983 (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS, AND PRACTICES)

65.     The foregoing allegations are incorporated as if re-alleged herein.

66.     Defendant William Sollie, in his capacity as Sheriff of Lauderdale County Sheriff's Department, and the Defendant, Lauderdale County Board of Supervisors, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices.

67.     Defendant William Sollie, in his capacity as Sheriff of Lauderdale County Sheriff's Department, and the Defendant, Lauderdale County Board of Supervisors, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices of allowing employees of the Lauderdale County Sheriff to use of excessive force where less severe alternatives existed.

Kasper000016Complaint

68.    The failure of the Defendant William Sollie, in his capacity as Sheriff of Lauderdale County Sheriff's Department, and the Defendant, Lauderdale County Board of Supervisors amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

69.    The failure of the Defendant William Sollie, in his capacity as Sheriff of Lauderdale County Sheriff's Department, and the Defendant, Lauderdale County Board of Supervisors amounts to deliberate indifference to the rights of the Smoaks to be free from excessive force and unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

70.    As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered personal injuries and are entitled to relief under 42 U.S.C. §1983.

71.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of state law; and e) the right to just compensation for taking of property.

### REQUEST FOR RELIEF

**WHEREFORE, PREMISES, CONSIDERED,** Plaintiff demands judgment that:

1.    A Declaratory Judgment is entered establishing that the practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1981, 1983, 1988 and Civil

Kasper000017Complaint

Rights Act of 1866 and 1991;

     2.     Permanently enjoin the Defendant, its agents, successors, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages, set forth herein and from continuing any and all other practices shown to be in violation of applicable law.

     3.     Compensate Plaintiff for lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court.

     4.     Award Plaintiff the cost and disbursement of this action, including reasonable attorney and expert fees pursuant to 42 U.S.C. section 1988 (b) and (c) .

     5.     Further, grant any and all relief, general and special, as would be proper in premises.

**DEMAND FOR JURY TRIAL**

**Plaintiff request a jury trial for all claims and issues asserted by this action.**

**RESPECTFULLY SUBMITTED**, this the ___*20th*___ day of AUGUST, 2015.

PLAINTIFF GLENN KASPER

By: _____

**JOSEPH A. DENSON, ATTORNEY**
**FOR PLAINTIFF**

Submitted to this court by:
Joseph A. Denson, MBN 101910
DENSON AND ASSOCIATES, PLLC
Post Office Box 5022
Meridian, MS 39302-5022
Phone: 601-693-5400
Fax: 601-693-5983
ATTORNEY FOR PLAINTIFF

Page 18 of 18

Kasper000018Complaint