**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GLENN KASPER**                                                                          **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:15cv613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF
LAUDERDALE COUNTY, MS et al.**                                     **DEFENDANTS**

**THE MISSISSIPPI HIGHWAY PATROL AND JEROME MOORE'S
<u>MOTION TO DISMISS</u>**

    **COME NOW** Defendants, the Mississippi Highway Patrol, and Jerome Moore, in his official capacity, (collectively "State Defendants"), and file the instant Federal Rule 12(b)(1) and Rule 12(b)(6) Motion to Dismiss based on lack of jurisdiction and failure to state a claim as follows:

    1.     The claims urged against the State Defendants fail immediately, and only a straightforward application of well-settled legal principles is needed to reach dismissal. In the shotgun amended complaint, Plaintiff Glenn Kasper ("Plaintiff") urges twelve causes of action: (i) a generalized violation of pursuant to 42 U.S.C. § 1983 and § 1988, (ii) unconstitutional prior restrain pursuant to 42 U.S.C. § 1983 and 1988, (iii) false arrest pursuant to 42 U.S.C. § 1983, (iv) wrongful detention and confinement pursuant to 42 U.S.C. § 1983, (v) a generalized violation pursuant to 42 U.S.C. § 1983 arising out of strip search done at the Lauderdale County Detention Facility, (vi) malicious prosecution, (vii) false arrest and false imprisonment, (viii) assault and battery, (ix) intentional infliction of emotional distress, (x) deprivation of property without due process pursuant to 42 U.S.C. § 1983, (xi) conversion, and (xii) failure of Lauderdale County to implement appropriate policies, customs and practices.[1]

---

[1] *See* Amended Complaint, Docket Entry No. [11].

2.      Predictably, Plaintiff utilizes this civil suit as a means of seeking monetary damages from the State Defendants and the separate County Defendants.[2]  Specifically, the complaint requests that the Court (i) "Compensate Plaintiff for lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court"; (ii) reasonable attorneys fees, (iii) grant a declaratory judgment that the "practices complained of" violate "Title VII of the Civil Rights Act of 1981, 1983, 1988 and Civil Rights Act of 1866 and 1991"; and (iv) "Permanently enjoin the Defendant, its agents, successors, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages, set forth herein and from continuing any and all other practices shown to be in violation of applicable law."[3]

3.      All of the claims for relief levied against the State Defendants are non-starters.  The Eleventh Amendment bars all of Plaintiff's causes of action, both federal and state, asserted against the Mississippi Highway Patrol ("MHP") and Jerome Moore, sued in his official capacity.[4] In addition, even if this legal avenue for dismissal alone was not enough—which it is—these Defendants also are not "persons" for purposes of § 1983 and thus cannot be held liable under that federal statute. The upshot is that dismissal of all of the claims against the State Defendants is warranted at this time.

4.      In support of their Motion, Defendants rely on their Memorandum in Support of this Motion.

THIS, the 19th day of January, 2016.

---

[2] As a point of clarity, undersigned counsel represents only State Defendants the MHP and Jerome Moore.
[3] *See* Compl., Docket Entry No. [11].
[4] The capacity in which Jerome Moore is sued is not made explicit in the complaint. This defendant addresses any purported official-capacity claims, however, out of an abundance of caution.

Respectfully submitted,

**BY:    JIM HOOD, ATTORNEY GENERAL
           STATE OF MISSISSIPPI**

_s/ Krissy C. Nobile_____
KRISSY C. NOBILE, MSB # 103577
SPECIAL ASSISTANT ATTORNEY GENERAL

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS   39205
Telephone No. (601)359-3824
Facsimile: 601-359-2003
knobi@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

This is to certify that on this day I, Krissy C. Nobile, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notice of such filing to the following:

Joseph A. Denson
DENSON & ASSOCIATES, PLLC
P. O. Box 5022
1004 20th Avenue
Meridian, MS 39302
601/693-5400
Fax: 601/693-5983
Email: densonassociates@bellsouth.net

Lee Thaggard
BARRY, PALMER, THAGGARD, MAY & BAILEY, LLP
P.O. Box 2009
505 Constitution Ave. (39301)
Meridian, MS 39302-2009
601/693-2393
Fax: 601/693-0226
Email: thaggard@barrypalmerlaw.com

THIS the 19th day of January, 2016.

*s/Krissy C. Nobile*
KRISSY C. NOBILE