IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GLENN KASPER**                                                                    **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 3:15cv613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS et al.**               **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS

**COME NOW** Defendants, the Mississippi Highway Patrol, and Jerome Moore, officially, (collectively "State Defendants"), and file the instant Memorandum in Support of their Motion to Dismiss as follows:

### INTRODUCTION

The claims urged against the State Defendants fail immediately, and only a straightforward application of well-settled legal principles is needed to reach dismissal. In the shotgun amended complaint, Plaintiff Glenn Kasper ("Plaintiff") urges twelve causes of action: (i) a generalized violation of pursuant to 42 U.S.C. § 1983 and § 1988, (ii) unconstitutional prior restrain pursuant to 42 U.S.C. § 1983 and 1988, (iii) false arrest pursuant to 42 U.S.C. § 1983, (iv) wrongful detention and confinement pursuant to 42 U.S.C. § 1983, (v) a generalized violation pursuant to 42 U.S.C. § 1983 arising out of strip search done at the Lauderdale County Detention Facility, (vi) malicious prosecution, (vii) false arrest and false imprisonment, (viii) assault and battery, (ix) intentional infliction of emotional distress, (x) deprivation of property without due process pursuant to 42 U.S.C. § 1983, (xi) conversion, and (xii) failure of Lauderdale County to implement appropriate policies, customs and practices.[1]

---

[1] *See* Amended Complaint, Docket Entry No. [11].

Predictably, Plaintiff utilizes this civil suit as a means of seeking monetary damages from the State Defendants and the separate County Defendants.[2] Specifically, the complaint requests that the Court (i) "Compensate Plaintiff for lost salary, temporary lost employee benefits, litigation expenses including attorney and expert fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages, and punitive damages in an amount to be determined by a jury and the Court"; (ii) reasonable attorneys fees, (iii) grant a declaratory judgment that the "practices complained of" violate "Title VII of the Civil Rights Act of 1981, 1983, 1988 and Civil Rights Act of 1866 and 1991"; and (iv) "Permanently enjoin the Defendant, its agents, successors, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages, set forth herein and from continuing any and all other practices shown to be in violation of applicable law."[3]

All of the claims for relief levied against the State Defendants are non-starters. The Eleventh Amendment bars all of Plaintiff's causes of action, both federal and state, asserted against the Mississippi Highway Patrol ("MHP") and Jerome Moore, sued in his official capacity.[4] In addition, even if this legal avenue for dismissal alone was not enough—which it is—these Defendants also are not "persons" for purposes of § 1983 and thus cannot be held liable under that federal statute. The upshot is that dismissal of all of the claims against the State Defendants is warranted at this time.

## CONCISE FACTUAL BACKGROUND

The factual background, as needed for purposes of the instant immunity motion, can be stated briefly.[5] On or about May 24, 2015, Plaintiff allegedly was encountered "by Lauderdale County Sheriff's Department deputies at the intersection of Allen Swamp Road and Pine Springs Road."[6] According to the

---

[2] As a point of clarity, undersigned counsel represents only State Defendants the MHP and Jerome Moore.
[3] *See* Compl. at p. 18.
[4] The capacity in which Jerome Moore is sued is not made explicit in the complaint. This defendant addresses any purported official-capacity claims, however, out of an abundance of caution.
[5] Defendants do not accept or otherwise concede any of the factual allegations made in Plaintiff's complaint. However, Defendants recognize that, for purposes of this motion to dismiss, any well-pled facts are to be accepted as true.
[6] Compl. at ¶ 5.

complaint, Plaintiff observed defendant Deputy Russell, but "no signal, hand or otherwise, was given indicting that [Plaintiff] should stop beyond compliance with rules of the road."[7] After briefly stopping at the intersection, Plaintiff allegedly had his driver's side window "smashed by a Lauderdale County Deputy."[8]

Plaintiff also claims that there was "no probable cause for arrest," and that he was "grabbed, pulled, by several Deputies, and removed from his vehicle head first."[9] The complaint goes on to allege that "Lauderdale County Deputies immediately continued to use excessive force by ripping Plaintiff's shirt completely off and repeatedly assaulting him, specifically smashing his head into the pavement."[10] Plaintiff also contends that he was tased by the deputy and placed into the deputy's patrol car.[11] Thereafter, Plaintiff maintains that he was transported to the "Lauderdale County Detention Center," where he allegedly was "immediately strip searched and the two taser barbs were removed from this person."[12] Plaintiff subsequently was charged with several misdemeanor violations, and the court later dismissed all charges "except Counts I and II of Disorderly Conduct."[13]

The following year, on July 14, 2015, Plaintiff filed the instant federal complaint, with an amended complaint being filed on December 3, 2015.

## STANDARD OF REVIEW

There are two different standards applicable to the issues presented:

**A.     Federal Rule 12(b)(1)**

"A case is properly dismissed for lack of subject matter jurisdiction [under Federal Rule 12(b)(1)] when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to

---

[7] *Id.* at ¶ 6a.
[8] *Id.* at ¶ 6b.
[9] *Id.* at ¶ 6f.
[10] *Id.* at ¶ 6f.
[11] *Id.* at ¶ 6g.
[12] *Id.* at ¶ 6h.
[13] *Id.* at ¶¶ 6j – 8.

3

invoke jurisdiction of the federal court bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), dismissal is proper when it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief." *Pan-American Life Ins. Co. v. Bergeron*, 82 F. App'x 388, 389 (5th Cir. 2003) (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995) (quoting *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992)). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Bergeron*, 82 F. App'x at 389 (citing *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

Federal Rule 12(b)(1) is the appropriate vehicle for dismissal for all of the claims against the State Defendants because the Eleventh Amendment bars all actions against the State Defendants and deprives the Court of jurisdiction. *See, e.g., United States v. Texas Tech Univ.,* 171 F.3d 279, 285 n. 9, 288 (5th Cir. 1999)*; Hawn v. Hughes*, No. 1:13-CV-00036-GHD, 2014 WL 4384236, at *3 (N.D. Miss. Sept. 3, 2014); *Lambert v. Kenner City*, No. CIV.A. 04-2192, 2005 WL 53307, at *2 (E.D. La. Jan. 5, 2005); *Williams v. Barbour*, 2009 WL 3230885, at *2 (S.D. Miss. Oct. 2, 2009); *Cager v. Norfolk S. R. Co.*, 2003 WL 1618661, at *6 (E.D. La. Mar. 26, 2003).

B.     **Federal Rule 12(b)(6)**

Plaintiff's claims additionally are due to be dismissed under Rule 12(b)(6). The State Defendants are immune from liability and suit, and MHP and the individual Defendant, sued in his official capacity, are not considered "persons" for purposes of § 1983.

To survive a motion to dismiss under this Federal Rule, a "complaint must allege 'sufficient factual matter, accepted as true, to state a claim that is plausible on its face.'" *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hershey*, 610 F.3d at 245 (quoting *Iqbal*, 556 U.S. 662, 129 S. Ct. at 1949). Although a court must take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, this "tenet" is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In other words, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993); *Patton v. Bryant*, No. 3:13-CV-485-DPJ-FKB, 2014 WL 36618, at *1 (S.D. Miss. Jan. 6, 2014) *reconsideration denied*, 2014 WL 457921 (S.D. Miss. Feb. 4, 2014) *and aff'd*, 584 F. App'x 242 (5th Cir. 2014).

**ARGUMENTS AND ANALYSIS**

A.     **The Eleventh Amendment Bars Plaintiff's Claims Against the State Defendants.**

   i.     *The Eleventh Amendment.*

The Eleventh Amendment to the Constitution states "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. CONST. AMEND. XI. This immunity is "far reaching." *See Carpenter v. Mississippi Valley State Univ.*, 807 F. Supp. 2d 570, 580 (N.D. Miss. 2011). The Eleventh Amendment guarantees that "nonconsenting States may not be sued by private individuals

5

in federal court." *Board of Trustees of the Univ. of Alabama v. Garrett,* 351 U.S. 356, 363 (2001) (citations omitted).

Although the terms of the Eleventh Amendment nominally apply only to suits by "Citizens of another State," Supreme Court decisions have made clear that a State's immunity encompasses "suits by citizens against their own States." *Garrett,* 351 U.S. at 363; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). The immunity granted to the State extends also to a state agency or department and cannot be avoided by suing an arm of the state or a state agency. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Williams v. Dallas Area Rapid Transit,* 242 F.3d 315, 318 (5th Cir. 2001); *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280 (1977).

   *ii.*  ***The Eleventh Amendment Bars both Federal and State Law Claims.***

Importantly, the Eleventh Amendment bars claims against states, state agencies, and state officials based on federal and state law. *E.g., Buras v. Louisiana*, 2013 WL 5410466, at *1 (E.D. La. Sept. 25, 2013) ("Both federal and state law claims are barred from being asserted against a state in federal court."). As declared by the Supreme Court in *Pennhurst State School & Hospital v. Halderman:*

> A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.

465 U.S. 89, 106 (1984).

The Fifth Circuit has echoed this, holding that a plaintiff's state law claims "are not cognizable . . . because state officials continue to be immunized from suit in federal court on alleged violations of state law brought under the federal courts' supplemental jurisdiction." *Earles v. State Bd. of Certified Public Accountants of La.,* 139 F.3d 1033, 1039 (5th Cir. 1998) (citing *Pennhurst* at 103-21); *Mississippi Surplus Lines Ass'n v. Mississippi,* 384 F. Supp. 2d 982, 985-86 (S.D. Miss. 2005). From the outset, then, it is

beyond cavil that the Eleventh Amendment reaches Plaintiff's claims brought under federal and Mississippi state law.

### iii. The Mississippi Highway Patrol is an Arm of the State.

As this Court routinely has recognized, "[s]overeign immunity, available to the State of Mississippi, is also available to an arm of the state[.]" *Davis v. City of Vicksburg, Miss.*, 2015 WL 4251008, at *2 (S.D. Miss. 2015). The MHP is an arm of the State of Mississippi. To determine whether an entity asserting immunity is an arm of the state, the Fifth Circuit typically uses a six factor analysis. *Vogt v. Bd. of Comm'rs of the Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001); *Richardson v. Southern University,* 118 F.3d 450, 452 (5th Cir. 1997). These six factors are: (1) whether the state statutes and case law characterize the agency as an arm of the state; (2) the source of the funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to state-wide problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property. *Williams*, 242 F.3d at 319.

Any analysis of the MHP under these factors leads to the inescapable conclusion that it is an arm of the State of Mississippi. For instance, Judge Lee, considering whether the Mississippi Highway Patrol, an organization within the Department of Public Safety, was a state agency for Eleventh Amendment purposes, held that "Mississippi statutory law makes clear that MHP is an arm of the state. *See* MISS. CODE ANN. § 45-1-2 (creating the MHP as part of the Mississippi Department of Public Safety)." *King v. Mississippi Highway Patrol*, 827 F. Supp. 402, 403 (S.D. Miss. 1993). In further support, the court noted that "as a branch of an executive department-the Mississippi Department of Public Safety-MHP receives its funding solely from the State of Mississippi." *Id*. at 403.

In determining that the MHP was an arm of the state for Eleventh Amendment purposes, Judge Lee focused on the fact that the MHP was a branch of DPS which is, beyond dispute, an arm of the state.

7

Finally, discussing the factors as set forth in *Clark*, the court noted that whether the MHP could sue or be sued was not dispositive because "these factors are not controlling when the other enumerated factors point to a finding of Eleventh Amendment immunity, as is the case here." *Id*. at 404; *see also Pattman v. Mississippi Dept. of Public Safety*, 2012 WL 4052033, at *4 (S.D. Miss. 2012) ("MDPS was established by the Mississippi Legislature as an arm of the State of Mississippi. *See* MISS. CODE ANN. § 45–1–2 (Rev.2004). MHP, a branch of the MDPS, therefore, is also an arm of the state. *See* MISS. CODE ANN. § 45–1–2); *Johnson v. Mississippi Dept. of Public Safety*, 2015 WL 5313563, at *2 (N.D. Miss. 2015). The Eleventh Amendment thus bars Plaintiff's suit against the MHP. *E.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Mohler v. Mississippi*, 782 F.2d 1291, 1292-93 (5th Cir. 1986).

### iv. The Eleventh Amendment Extends to Official Capacity Claims.

Eleventh Amendment immunity bars suits by private citizens against a State and state officers in federal court. Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent," *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal quotations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)), accordingly, the Eleventh Amendment bar extends to suits against state actors sued in their official capacities. *KP v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004) (Eleventh Amendment "generally precludes actions against state officers in their official capacities")).

In the instant matter, Plaintiff has sued not only the MHP, but also Jerome Moore, a Mississippi Highway Patrol Trooper.[14] The Eleventh Amendment extends its cloak of immunity to this state official. *See, e.g., Davis v. Tarrant County, Texas*, 88 F.3d 214, 228 (5th Cir. 2009); *Chrissy F. by Medley v. Mississippi Dept. of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).

---

[14] Pl. Compl. at p. 2, ¶ G.

### v. *None of the Exceptions to Eleventh Amendment Immunity Apply.*

There are three possible exceptions to Eleventh Amendment immunity: (i) valid abrogation by Congress, (ii) waiver or consent to suit by the State, or (iii) amenability of the State to suit under the *Ex Parte Young* doctrine. The three exceptions are discussed in turn, and none apply.

#### a. Abrogation

Abrogation applies only if Congress unequivocally has expressed its intent to abrogate a state's sovereign immunity and is acting pursuant to a valid exercise of power. *See Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 55 (1996). Section 1983 does not explicitly indicate Congress's intent to abrogate a state's Eleventh Amendment immunity from suit. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Indeed, the Fifth Circuit has stated: "There has been no Congressional abrogation of state sovereign immunity as to claims under [Section] 1983 . . . . " *Hines v. Miss. Dep't of Corr.,* 239 F.3d 366, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000); *Delaney v. Miss. Dept. of Pub. Safety*, 2013 WL 286365, at *3 (S.D. Miss. Jan. 24, 2013) ("There has been no Congressional abrogation of state sovereign immunity as to claims under § 1981, 1983, 1985, or 1986"). Thus, abrogation does not apply as an exception to Eleventh Amendment immunity with respect to Plaintiff's claims against the State Defendants.

#### b. Waiver/Consent to Suit

Eleventh Amendment sovereign immunity from suit is waiveable, but such waiver must be clearly stated and will not be easily implied. *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Jagnandan,* 538 F.2d at 1117 (citing *Edelman v. Jordan,* 415 U.S. 651, 673 (1974); *Petty v. Tenn.-Mo. Bridge Comm'n,* 359 U.S. 275, 276 (1959)). "Even when a State consents to suit in its own courts, . . . it may retain Eleventh Amendment immunity from suit in federal court." *Martinez v. Tex. Dep't of Criminal Justice,* 300 F.3d 567, 575 (5th Cir. 2002).

9

Although Mississippi allows certain suits against state officials through the Mississippi Tort Claims Act ("MTCA"), the MTCA expressly preserves the State's Eleventh Amendment immunity on such claims brought in federal court. The MTCA provides that "[n]othing contained in this chapter shall be construed to waive the immunity of the state from suit *in federal courts* guaranteed by the Eleventh Amendment to the Constitution of the United States." MISS. CODE ANN. § 11–46–5(4) (emphasis supplied); *see Black v. N. Panola Sch. Dist.,* 461 F.3d 584, 594 (5th Cir. 2006) ("The MTCA . . . preserves all immunities granted by the Eleventh Amendment of the United States Constitution."); *Stokes v. Ward,* 132 F.3d 1455, 1997 WL 802955, *2 (5th Cir. Nov. 21, 1997) (per curiam); *Bogard v. Cook,* 586 F.2d 399, 410 (5th Cir. 1978). Accordingly, it cannot be said that the State waived or consented to be sued in this Court on Plaintiff's claims against the State Defendants.

    **c.  Ex Parte Young**

The narrow exception to the Eleventh Amendment's prohibitions established by *Ex Parte Young*, 209 U.S. 123 (1908) does not apply to the claims urged by the Plaintiff. The case of *Ex Parte Young* involved a challenge to a Minnesota law reducing the freight rates that railroads could charge. A railroad shareholder claimed that the new rates were un-constitutionally confiscatory and obtained a federal injunction against Edward Young, the Attorney General of Minnesota, forbidding him in his official capacity to enforce the state law. When Young violated the injunction by initiating an enforcement action in state court, the circuit court held him in contempt and committed him to federal custody.

In his habeas corpus application in the Supreme Court, Young challenged his confinement by arguing that Minnesota's sovereign immunity deprived the federal court of jurisdiction to enjoin him from performing his official duties. The Supreme Court disagreed and explained that because an unconstitutional legislative enactment is "void," a state official who enforces that law "comes into conflict with the superior authority of [the] Constitution," and therefore is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The

State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." *Ex Parte Young,* 209 U.S. at 159–160, 28 S. Ct. 441.

The logic of *Ex Parte Young* was motivated by a recognition of, and allegiance to, federal law as the supreme law of the United States. *See Carpenter v. Mississippi Valley State Univ.*, 807 F. Supp. 2d 570, 580 (N.D. Miss. 2011); *Va. Office for Protection & Advocacy,* 131 S. Ct. 1632, 1638, 179 L. Ed. 2d 675 (2011); *Idaho v. Coeur d'Alene Tribe,* 521 U.S. 261, 293, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) ("*Ex Parte Young* gives life to the Supremacy Clause."). Following this logic, the premise of *Ex Parte Young* is clear. The exception applies only when "relief that serves directly to bring an end to a *present* violation of federal law" is sought. *Papasan v. Allain*, 478 U.S. 265, 278 (1986) (emphasis supplied); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 102 (1984).[15]  That is, *Ex Parte Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation.

The test for applying *Ex Parte Young* is simple. To determine whether *Ex Parte Young* applies, "a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Va. Office for Prot. & Advocacy v. Stewart,* 131 S.Ct. 1632, 1639 (2011) (internal quotation marks omitted); *see also Cantu Services, Inc. v. Roberie*, 535 Fed. Appx. 342, 344-45 (5th Cir. 2013); *Blount v. Mississippi Dep't of Human Servs.*, No. 3:14CV336-DPJ-FKB, 2015 WL 59091, at *2 (S.D. Miss. Jan. 5, 2015). The claims in the instant matter fail that test.

---

[15] Of course, "since state law claims do not implicate federal rights or federal supremacy concerns, the [*Ex parte* ] *Young* exception does not apply to state law claims brought against the state" and thus such claims are barred against state officials in their official capacities, as suits against the state itself. *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 680 (N.D. Miss. 2013); *McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011) (citing *Pennhurst,* 465 U.S. at 106 and *Hafer v. Melo,* 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991)).

*(i)     Monetary Relief*

The fiction of *Ex Parte Young* does not apply to attempts to seek monetary damages. And this is true for claims asserted against state agencies and state officials. Any attempt to invoke *Ex Parte Young* for such actions thus would be inapt. *See, e.g., Blount*, No. 3:14CV336-DPJ-FKB, 2015 WL 59091, at *2 (citing *Stewart,* 131 S.Ct. at 1639); *Carter v. Burk*, No. 3:10CV330TSL-MTP, 2012 WL 2088924, at *2 (S.D. Miss. June 8, 2012) ("Clearly, his § 1983 claim for the recovery of money damages from defendants in their official capacities is barred by the Eleventh Amendment.").  Accordingly, all of the actions for monetary damages against MHP and the official-capacity claims asserted against the individual defendant must be dismissed.

*(ii)    Vague Request for Equitable Relief*

Plaintiff's attempt at circumventing the Eleventh Amendment by seeking injunctive/declaratory relief is inappropriate. Specifically, the vague requested relief is stated in a single sentence in the prayer for relief and reads as follows: "Plaintiff demands judgment that . . . Permanently enjoin the Defendant, its agents, successors, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages, set forth herein and from continuing any and all other practices shown to be in violation of applicable law." *Compl. at p. 18, ¶ 2*.  Not only does Plaintiff's one-sentence prayer for relief not comply with the specificity rules set forth in Federal Rule of Civil Procedure 65, or accepted pleading standards, but the request for relief also does not fall within the "narrow exception" carved out by the United States Supreme Court in *Ex Parte Young,* 209 U.S. 123 (1908). *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 76 (1996). At least four reasons immediately inform why.

*One*: "The *Ex Parte Young* doctrine does <u>not</u> apply to states or state agencies [because] 'the doctrine holds that acts by state officials which are contrary to federal law cannot have been authorized or be ratified by the state; and suits seeking to enjoin such wrongful and unauthorized acts are not suits

12

against the state and a federal court's injunction against such wrongful acts is not a judgment against the state itself.'" *Wamble*, 2012 WL 2088820, at *5 (quoting *Saltz v. Tennessee Dept. of Empl. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992)); *accord Sullivan v. Univ. of Miss. Med. Ctr.*, 617 F. Supp. 554, 557 (S.D. Miss. 1985); *McGarry v. Univ. of Mississippi Med. Ctr.*, 355 F. App'x 853, 856-57 (5th Cir. 2009) (holding that plaintiff's claims were barred by the Eleventh Amendment because she sued the University of Mississippi). Applying this straightforward legal principle to the case at hand requires dismissal of the speculative claim for injunctive relief against the MHP.

*Two*: Plaintiff has not realistically attempted to assert any claims for relief that could possibly implicate the *Ex Parte Young* exception to the Eleventh Amendment. Regardless of how the claims are labeled, Eleventh Amendment immunity bars suits against the state, state agencies and state officials in their official capacities for damages. *E.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment"); *Mohler v. Mississippi*, 782 F.2d 1291, 1292-93 (5th Cir. 1986); *Green v. Mansour,* 474 U.S. 64, 68 (1985).

Moreover, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant." *Papasan v. Allain*, 478 U.S. 265, 278 (1986) (footnote omitted). Such relief is barred whether it "is expressly denominated as damages" or "tantamount to an award of damages for a past violation of federal law, even though styled as something else." *Id.* (citations omitted). Accordingly, a federal court may not grant an injunction that is, in essence, a "retroactive award of monetary relief," because such an injunction "is in practical effect indistinguishable in many aspects from an award of damages against the State." *Edelman*, 415 U.S. at 668; *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 681 (N.D. Miss. 2013) ("Although Plaintiff unquestionably has alleged an ongoing *injury* by asserting that he continues to suffer . . . he has not alleged that an ongoing *violation* of federal law was

committed . . . Instead, Plaintiff seeks a declaration regarding the alleged past constitutional violations of McTeer and Bradley.").

What's more, the Eleventh Amendment bars suits against states or state officials for other forms of "retrospective relief." *Green*, 474 U.S. at 68. A suit seeking a declaratory judgment that the past acts of a state official violated the Constitution or federal law will not lie. *Id.* at 73 (holding that Eleventh Amendment precluded issuance of a declaratory judgment because "[t]here [wa]s no claimed continuing violation of federal law, and therefore no occasion to issue an injunction."); *P.R. Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (The Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past."). Further, any request for injunctive relief that is retrospective in nature - *i.e.*, not designed to end an ongoing violation of federal law - is also barred by the Eleventh Amendment. *Green*, 474 U.S. at 68.

*Three*: *Ex Parte Young* cannot be invoked nor applied to a non-specific request for relief from speculative or remote possible conduct in the future.[16] Of critical importance when seeking prospective relief, a plaintiff must establish a real and immediate threat that he will suffer a concrete injury that is not merely the product of speculation or conjecture. *See Texas v. U.S.*, 523 U.S. at 300-02; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563-64 n.2 (1992).[17] *Los Angeles v. Lyons*, 461 U.S. 95 (1983) is instructive.

There, the Supreme Court rejected a plaintiff's attempt to turn a past action coupled with the mere possibility of a future recurrence into an ongoing violation. The plaintiffs sought prospective relief in the form of a request that the police department be enjoined from using chokeholds in the future. Rejecting this request as an improper invocation of prospective injunctive relief, the Court held:

---

[16] Plaintiff's one-sentence prayer for relief is vague and speculative. While it appears Plaintiff is seeking an improper declaration regarding alleged past violations, Defendants also address the speculative future violations issue out of an abundance of caution.

[17] As with all claims, the plaintiff must have standing to raise a claim under the *Ex Parte Young* exception. *Walker v. Livingston,* 381 F. App'x 477, 479 (5th Cir.2010) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95 (1983)) (holding that because plaintiffs lacked standing to assert their claims for injunctive relief, they could not pursue their claims under *Ex parte Young* ); *Seals v. Mississippi*, 998 F. Supp. 2d 509, 520 (N.D. Miss. 2014).

> As we have said, however, it is no more than conjecture to suggest that in every instance of a traffic stop, arrest, or other encounter between the police and a citizen, the police will act unconstitutionally and inflict injury without provocation or legal excuse. And it is surely no more than speculation to assert either that Lyons himself will again be involved in one of those unfortunate instances, or that he will be arrested in the future and provoke the use of a chokehold by resisting arrest, attempting to escape, or threatening deadly force or serious bodily injury.

*Id*. at 108; *see also DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999). Under this accepted test, a generalized prayer for relief that a defendant not violate the law in the future does not fit within *Ex Parte Young*'s narrow exception to the Eleventh Amendment.[18]

*Four:* The Plaintiff's prayer for relief seeks to "[p]ermanently enjoin the Defendant[.]"*Compl. at p. 18, ¶ 2* (emphasis supplied). Because of the shotgun nature of the complaint, there are a host of purported causes of action as well as a myriad of defendants. The prayer for relief does not even specify at which "Defendant" the request is directed.[19] And, in the same vein, the only complained-of policies, customs, and practices are those directed at Lauderdale County. *See Compl. at ¶¶ 63-71*. The request for relief thus does not fit within *Ex Parte Young* or comply with the Federal Rules—and, in any event, it does not appear to be directed at the State Defendants.

Because the claim for monetary damages and the speculative claim for injunctive/declaratory relief both are barred by the Eleventh Amendment, none of the actions asserted against the MHP or the individual defendant, sued in his official capacity, may go forward. An order of dismissal is proper.

---

[18] Even if Plaintiff had urged a proper request for prospective relief (which he did not), *Ex Parte Young* still would not be satisfied in this instance. For the *Ex Parte Young* exception to apply, the court must examine: (1) the ability of the official to enforce the statute at issue under his statutory or constitutional power, and (2) the demonstrated willingness of the official to enforce the statute. *Okpalobi v. Foster,* 244 F.3d 405, 425–27 (5th Cir. 2001)**.** "[A] state official cannot be enjoined to act in any way that is beyond his authority to act in the first place." *Strong v. Livingston*, 2013 WL 6817095, at *9 (S.D. Tex. 2013). This principle would be acutely applicable here to a single Highway Patrol Trooper. Further, courts are not the proper forums to control the discretionary acts of public officials. *Ex parte Young,* 209 U.S. 123, 158 (1908).

[19] Defendant Jerome Moore separately is filing a motion for a specific reply under Federal Rule 7.

**B.      Additionally and Alternatively, the MHP and the individual defendant, in his official capacity, are Not "Persons" Pursuant to 42 U.S.C. § 1983.**

In addition to the grant of immunity, neither the MHP nor the individual Defendant in his official capacity can be subject to liability under § 1983. The United States Supreme Court's decision in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989) is conclusive on this. There, the Supreme Court held that the states, arms of the states, and even officials acting in their official capacity are not "persons" within the meaning of § 1983. *Id*. As a result, Plaintiff has no § 1983 right of action against the State Defendants.

## CONCLUSION

To conclude, the Eleventh Amendment bars all of Plaintiff's claims, both federal and state, against the Mississippi Highway Patrol and the official capacity claims against Jerome Moore. Additionally, and alternatively, the Highway Patrol and the individual defendant, officially, cannot be held liable under § 1983. An order granting the State Defendants' Motion to Dismiss should be issued.

Respectfully submitted this the 19th day of January, 2016.

                                **MISSISSIPPI HIGHWAY PATROL and JEROME MOORE**

                                **BY:  JIM HOOD, ATTORNEY GENERAL
                                          STATE OF MISSISSIPPI**

                                **BY:     /s/ *Krissy C. Nobile***
                                          Krissy C. Nobile, MSB # 103577
                                          Special Assistant Attorney General
                                          STATE OF MISSISSIPPI
                                          OFFICE OF THE ATTORNEY GENERAL
                                          Post Office Box 220
                                          Jackson, MS   39205
                                          knobi@ago.state.ms.us

**CERTIFICATE OF SERVICE**

This is to certify that on this day I, Krissy C. Nobile, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notice of such filing to the following:

Joseph A. Denson
DENSON & ASSOCIATES, PLLC
P. O. Box 5022
1004 20th Avenue
Meridian, MS 39302
601/693-5400
Fax: 601/693-5983
Email: densonassociates@bellsouth.net

ATTORNEY FOR PLAINTIFF

Lee Thaggard
BARRY, PALMER, THAGGARD, MAY & BAILEY, LLP
P.O. Box 2009
505 Constitution Ave. (39301)
Meridian, MS 39302-2009
601/693-2393
Fax: 601/693-0226
Email: thaggard@barrypalmerlaw.com

ATTORNEY FOR COUNTY DEFENDANTS

THIS the 19th day of January, 2016.

　　　　　　　　　　　　　　　　　　　　/s/ *Krissy C. Nobile*
　　　　　　　　　　　　　　　　　　　　KRISSY C. NOBILE