**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**GLENN KASPER**                                                                                    **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:15cv613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS et al.**                                          **DEFENDANTS**

**ANSWER AND DEFENSES OF DEFENDANTS**
**MISSISSIPPI HIGHWAY PATROL AND JEROME MOORE**

  **COME NOW** Defendants Mississippi Highway Patrol and Jerome Moore (collectively "Defendants" or "State Defendants"), and respond to the Plaintiff's Amended Complaint (the "Complaint") as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD DEFENSE**

Defendants plead the defenses of collateral estoppel, equitable estoppel, judicial estoppel, and *res judicata*.

**FOURTH DEFENSE**

  Punitive damages cannot be assessed against the Mississippi Highway Patrol or the individual Defendant sued in his official capacity. To the extent Plaintiff asserts punitive damages against the individual Defendant, in his individual capacity, such a claim for punitive damages is barred because he did not engage in any conduct with actual malice or wanton or willful disregard for Plaintiff's rights.

## FIFTH DEFENSE

Although Defendants deny that Plaintiff is entitled to punitive damages, they affirmatively plead that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14 and 28 of the Mississippi Constitution.

## SIXTH DEFENSE

The individual Defendant affirmatively pleads the doctrine of qualified immunity.

## SEVENTH DEFENSE

Plaintiff has no private right of action against any of the State Defendants under 42 U.S.C. Section 1983 for some or all of the claims alleged in the Complaint. Further, under Section 1983, Plaintiff cannot recover any damages from the Mississippi Highway Patrol or the individual Defendant acting in his official capacity. Plaintiff does not seek prospective injunctive relief of any type.

## EIGHTH DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq., including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional or other prerequisites to suit and no right to a jury trial.

## NINTH DEFENSE

As an official agency of the State of Mississippi, the Mississippi Highway Patrol is entitled to sovereign immunity as enshrined by the Eleventh Amendment to the Constitution of the United States, which bars all of Plaintiff's claims against the Mississippi Highway Patrol.

### TENTH DEFENSE

The individual Defendant, sued in his official capacity, is entitled to sovereign immunity as enshrined by the Eleventh Amendment to the Constitution of the United States, which bars all of Plaintiff's purported official capacity claims against the individual Defendant.

### ELEVENTH DEFENSE

Defendants affirmatively plead that, to the extent Plaintiff failed to mitigate his damages, he is barred from recovery.

### TWELFTH DEFENSE

Defendants assert all affirmative defenses that are or may become available or of which Defendants may become aware (upon further investigation or discovery) under Fed. R. Civ. P.12(b).

### THIRTEENTH DEFENSE

Defendants assert the provisions of the Mississippi Litigation Accountability Act of 1988, Miss. Code Ann. § 11-55-1 *et seq.,* including but not limited to the assessment of attorney fees and costs against an attorney or party for a meritless action.

### FOURTEENTH DEFENSE

To the extent some or all of Plaintiff's claims could be construed as collateral attacks on any decisions or orders of Mississippi state courts, those claims are barred by the *Rooker-Feldman* doctrine.

### FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages, attorney's fees, interest, and costs are barred by Section 11-46-15(2) of the Mississippi Code.

## SIXTEENTH DEFENSE

As a State agency, the Mississippi Highway Patrol is not a "person" for purposes of 42 U.S.C. Section 1983.  For purposes of the official capacity claims asserted against him, the individual Defendant is not a "person" for purposes of 42 U.S.C. Section 1983.

## SEVENTEENTH DEFENSE

The doctrine of *Heck v. Humphrey* bars some or all of Plaintiff's claims.

## EIGHTEENTH DEFENSE

The *Younger* abstention doctrine serves as to bar, or to stay, some or all of Plaintiff's claims.

## NINETEENTH DEFENSE

Defendants plead the doctrines of standing, both constitutional and prudential, ripeness, and mootness.

## TWENTIETH DEFENSE

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## ANSWER

Without waiving any of the aforementioned Defenses, Defendants respond to the Complaint as follows:

Defendants admit that, in the first unnumbered paragraph beginning with "**COMES NOW**, Plaintiff," Plaintiff purports to bring this amended complaint against the named Defendants.  Defendants deny, however, that Plaintiff is entitled to any relief whatsoever and deny each and every allegation contained in Plaintiff's complaint, except those that are herein expressly admitted.

## **PARTIES**

A.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph A of the Complaint and accordingly deny the same.

B.      The allegations contained in Paragraph B of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

C.      The allegations contained in Paragraph C of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

D.      The allegations contained in Paragraph D of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

E.      The allegations contained in Paragraph E of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

F.      The allegations contained in Paragraph F of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

G.     It is admitted that Jerome Moore is Mississippi Highway Patrol Trooper as alleged in Paragraph G of the Complaint, but all remaining allegations are denied as calling for legal conclusion.

H.     The allegations contained in Paragraph H of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

I.      The allegations contained in Paragraph I of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

J.      The allegations contained in Paragraph J of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

K.     The allegations contained in Paragraph K of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

L.      It is admitted that the Mississippi Highway Patrol is named as a defendant as purportedly alleged in Paragraph L of the complaint, but all remaining allegations are denied.

## JURISDICTION AND VENUE

1.     The allegations contained in Paragraph 1 of the Complaint are denied as calling for legal conclusions, and Defendants deny, on Eleventh Amendment grounds, that this Court has jurisdiction over the claims asserted against the Mississippi Highway Patrol or the official-capacity claim purportedly urged against Jerome Moore.

2.     The allegations contained in Paragraph 2 of the Complaint are denied as calling for legal conclusions, and Defendants deny, on Eleventh Amendment grounds, that this Court has jurisdiction over the claims asserted against the Mississippi Highway Patrol or the official-capacity claim purportedly urged against Jerome Moore.

3.     The allegations contained in Paragraph 3 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

4.     The allegations contained in Paragraph 4 of the Complaint are denied as calling for legal conclusions, and Defendants deny, on Eleventh Amendment grounds, that this Court has jurisdiction over the claims asserted against the Mississippi Highway Patrol or the official-capacity claim purportedly urged against Jerome Moore.

## FACTS

5.     The allegations contained in Paragraph 5 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

6.      The allegations contained in Paragraph 6 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

a.      The allegations contained in Paragraph 6a of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

b.      The allegations contained in Paragraph 6b of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

c.      The allegations contained in Paragraph 6c of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

d.      The allegations contained in Paragraph 6d of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

e.      The allegations contained in Paragraph 6e of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required,

Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

        f.     The allegations contained in Paragraph 6f of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

        g.     The allegations contained in Paragraph 6g of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

        h.     The allegations contained in Paragraph 6h of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

        i.     The allegations contained in Paragraph 6i of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

        j.     The allegations contained in Paragraph 6j of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants admit that Plaintiff was charged with misdemeanor violations by individuals or entities other than the answering Defendants, but Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations and accordingly deny the same.

7.      The allegations contained in Paragraph 7 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

8.      The allegations contained in Paragraph 8 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants admit that Plaintiff was charged with misdemeanor violations by individuals or entities other than the answering Defendants and that some of those charges were not dismissed, but Defendants are without knowledge sufficient to form a belief as to the truth of the remaining allegations and accordingly deny the same.

9.      The allegations contained in Paragraph 9 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

10.      The allegations contained in Paragraph 10 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

11.      The allegations contained in Paragraph 11 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

**CAUSE OF ACTION**
**COUNT ONE**
**CONSTITUTIONAL AND CIVIL RIGHTS**
**(PURSUANT TO 42 U.S.C. SECTIONS 1983 AND 1988)**

12.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 11 in response to Paragraph 12 of the Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

**COUNT TWO**
**Unconstitutional Prior Restraint Pursuant to 42 U.S.C. sections 1983 and 1988**

15.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 14 in response to Paragraph 15 of the Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint.

**COUNT THREE**
**VIOLATION OF TO [SIC] 42 U.S.C. SECTION 1983: ARREST**

18.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 17 in response to Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint are denied as calling for legal conclusions, and Defendants the Mississippi Highway Patrol and Jerome Moore, officially, are not "persons" for purposes of the referred-to federal statutes.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

(a) The allegations contained in Paragraph 20(a) of the Complaint are denied.

(b) The allegations contained in Paragraph 20(b) of the Complaint are denied.

(c) The allegations contained in Paragraph 20(c) of the Complaint are denied.

(d) The allegations contained in Paragraph 20(d) of the Complaint are denied.

21.     The allegations contained in Paragraph 21 of the Complaint are denied.

22.     The allegations contained in Paragraph 22 of the Complaint are denied.

## COUNT FOUR
## VIOLATION OF TO [SIC] 42 U.S.C. SECTION 1983: DETENTION AND CONFINEMENT

23.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 22 in response to Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

## COUNT FIVE
## VIOLATION OF TO [SIC] 42 U.S.C. SECTION 1983: STRIP SEARCH

26.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 25 in response to Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

## COUNT SIX
## MALICIOUS PROSECUTION

29.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 28 in response to Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

(a) Defendants deny the allegations contained in Paragraph 30(a) of the Complaint.

(b) Defendants deny the allegations contained in Paragraph 30(b) of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

(a) Defendants deny the allegations contained in Paragraph 31(a) of the Complaint.

(b) Defendants deny the allegations contained in Paragraph 31(b) of the Complaint.

(c) Defendants deny the allegations contained in Paragraph 31(c) of the Complaint.

(d) Defendants deny the allegations contained in Paragraph 31(d) of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     The allegations contained in Paragraph 33 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

<u>**COUNT SEVEN**</u>
<u>**FALSE ARREST AND FALSE IMPRISONMENT**</u>

35.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 34 in response to Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36, including subsections (a) through (c), of the Complaint.

37.     The allegations contained in Paragraph 37 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

38.     The allegations contained in Paragraph 38 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations and accordingly deny the same.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     The allegations contained in Paragraph 40 of the Complaint are not directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint and further deny Plaintiff is entitled to relief of any type.

## COUNT EIGHT
## ASSAULT AND BATTERY

42.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 41 in response to Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     The allegations contained in Paragraph 44 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

45.     The allegations contained in Paragraph 45 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

46.     The allegations contained in Paragraph 46 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint and further deny Plaintiff is entitled to relief of any type.

**COUNT NINE**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

48.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 47 in response to Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and accordingly deny the same.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     The allegations contained in Paragraph 55 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint and further deny Plaintiff is entitled to relief of any type.

**COUNT TEN**
**VIOLATION OF TO [SIC] 42 U.S.C. SECTION 1983**
**DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW**

58.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 57 in response to Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     The allegations contained in Paragraph 60 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT ELEVEN**
**CONVERSION**

61.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 60 in response to Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     The allegations contained in Paragraph 63 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint and further deny Plaintiff is entitled to relief of any type.

**COUNT TWELVE**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTION 1983**
**(FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS, AND PRACTICES)**

65.     Defendants hereby re-allege and incorporate herein their responses to Paragraphs 1 – 64 in response to Paragraph 65 of the Complaint.

66.     The allegations contained in Paragraph 66 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

67.     The allegations contained in Paragraph 67 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

68.     The allegations contained in Paragraph 68 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

69.     The allegations contained in Paragraph 69 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

70.     The allegations contained in Paragraph 70 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations.

71.     The allegations contained in Paragraph 71 of the Complaint do not appear to be directed at these answering Defendants and therefore no response is required. To the extent an answer is required, Defendants deny the allegations, including subsections a) through e).

## PRAYER FOR RELIEF

1.     Defendants deny the allegations contained in Paragraph 1 of the Complaint's Prayer for Relief and further deny Plaintiff is entitled to relief of any type.

2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint's Prayer for Relief and further deny Plaintiff is entitled to relief of any type.

3.     Defendants deny the allegations contained in Paragraph 3 of the Complaint's Prayer for Relief and further deny Plaintiff is entitled to relief of any type.

4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint's Prayer for Relief and further deny Plaintiff is entitled to relief of any type.

5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint's Prayer for Relief and further deny Plaintiff is entitled to relief of any type.

## DEMAND FOR JURY TRIAL

Defendants admit that, in the unnumbered paragraph beginning with "**Plaintiff request [sic] a jury trial**," Plaintiff purports to request a jury trial on all claims asserted.  Defendants deny, however, that Plaintiff is entitled to a jury trial for all claims and further deny that Plaintiff is entitled to any relief whatsoever.

**WHEREFORE, PREMISES CONSIDERED**, having answered the allegations contained in the Complaint filed against them and having set forth their defenses herein, Defendants deny they are liable to Plaintiff or anyone else for any damages or relief whatsoever and respectfully request that the Complaint filed against these Defendants be dismissed with prejudice in its entirety and that Plaintiff and his counsel take nothing of or from Defendants.

THIS, the 19th day of January, 2016.

Respectfully submitted,

**MISSISSIPPI HIGHWAY PATROL AND JEROME MOORE**

BY:  **JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

*s/ Krissy C. Nobile*
KRISSY C. NOBILE, MSB # 103577
SPECIAL ASSISTANT ATTORNEY GENERAL

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS   39205
Telephone No. (601)359-3824
Facsimile: 601-359-2003
knobi@ago.state.ms.us

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this day I, Krissy C. Nobile, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notice of such filing to the following:

Joseph A. Denson
DENSON & ASSOCIATES, PLLC
P. O. Box 5022
1004 20th Avenue
Meridian, MS 39302
601/693-5400
Fax: 601/693-5983
Email: densonassociates@bellsouth.net

Lee Thaggard
BARRY, PALMER, THAGGARD, MAY & BAILEY, LLP
P.O. Box 2009
505 Constitution Ave. (39301)
Meridian, MS 39302-2009
601/693-2393
Fax: 601/693-0226
Email: thaggard@barrypalmerlaw.com

THIS the 19th day of January, 2016.

*s/Krissy C. Nobile*
KRISSY C. NOBILE
