IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**GLENN KASPER**                                                                          **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:15cv613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS et al.**                                        **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE SPECIFIC REPLY TO IMMUNITY DEFENSE AND TO STAY DISCOVERY

**COMES NOW** Defendant Jerome Moore, individually, ("Defendant" or "Moore") and files the instant Memorandum in Support of his Motion to Require Specific Reply to Immunity Defense and to Stay Discovery as follows:

### CONCISE FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background, as needed for purposes of this motion, can be stated briefly. On or about May 24, 2015, Plaintiff allegedly was encountered "by Lauderdale County Sheriff's Department deputies at the intersection of Allen Swamp Road and Pine Springs Road."[1] According to the complaint, Plaintiff observed defendant Deputy Russell, but "no signal, hand or otherwise, was given indicting that [Plaintiff] should stop beyond compliance with rules of the road."[2] After briefly stopping at the intersection, Plaintiff allegedly had his driver's side window "smashed by a Lauderdale County Deputy."[3]

Plaintiff also claims that there was "no probable cause for [his] arrest," and that he was "grabbed, pulled, by several Deputies, and removed from his vehicle head first."[4] The complaint goes on to allege

---

[1] Compl. at ¶ 5.
[2] *Id*. at ¶ 6a.
[3] *Id*. at ¶ 6b.
[4] *Id.* at ¶ 6f.

1

that "Lauderdale County Deputies immediately continued to use excessive force by ripping Plaintiff's shirt completely off and repeatedly assaulting him, specifically smashing his head into the pavement."[5] Plaintiff also contends that he was tased by the deputy and placed into the deputy's patrol car.[6] Thereafter, Plaintiff maintains that he was transported to the "Lauderdale County Detention Center," where he allegedly was "immediately strip searched and the two taser barbs were removed from this person."[7] Plaintiff subsequently was charged with several misdemeanor violations, and the court later dismissed all charges "except Counts I and II of Disorderly Conduct."[8]

The following year, on July 14, 2015, Plaintiff filed the instant federal complaint against Jerome Moore, a Mississippi Highway Patrol Trooper. [Doc. 1] The Plaintiff filed an amended complaint on December 3, 2015, adding the Mississippi Highway Patrol ("MHP") as a defendant. [Doc. 11].

The MHP and Jerome Moore, in his official capacity, separately have filed a motion to dismiss based on lack of jurisdiction and sovereign immunity. Concurrently with the filing of the instant motion and memorandum, the defendants also are filing an Answer and Defenses. In that Answer and Defenses, Jerome Moore, individually, has asserted that he enjoys qualified immunity from the federal claims contained in Plaintiff's complaint. For the reasons stated in this memorandum, the Court should direct the Plaintiff to specifically reply to that claim and stay discovery pending such a reply.

## ARGUMENT

**I.    Moore is Entitled to a Specific Reply to His Immunity Defense Pursuant Rule 7(a) and the Fifth Circuit's Directives in *Schultea v. Wood*.**

Jerome Moore, as a Mississippi Highway Patrol Trooper, has properly invoked his affirmative defense that he is cloaked with qualified immunity. Qualified immunity includes both immunity from damages and, importantly, immunity from suit. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816-818 (1982).

---

[5] *Id*. at ¶ 6f.
[6] *Id.* at ¶ 6g.
[7] *Id.* at ¶ 6h.
[8] *Id.* at ¶¶ 6j – 8.

Accordingly, the Fifth Circuit has instructed that

> [w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.

*Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

"Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). In this respect, Plaintiff Kasper's complaint against Moore does not contain even the minimal level of detail necessary to qualify as "sparse." Indeed, aside from the mention of Moore in the style of the complaint and in the laundry list of defendants, the complaint is devoid of precise and specific factual allegations of any specific action alleged to have been taken by Moore. When viewed in light of Moore's immunity defenses, Plaintiff's allegations (or lack thereof) fall squarely within the holding and rationale of *Schultea*.

"Vindicating the immunity doctrine will ordinarily require such a [Rule 7] reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. The specific reply required by *Schultea* must allege with "particularity" those specific facts which, if true, would overcome the defendant's immunity defense. *Reyes*, 168 F.3d at 161; *see Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (applying *Schutea* and finding district court erred in not requiring pleading of specific "facts indicating that no reasonable police officer would have" acted in manner alleged and facts supporting allegation that officer knew evidence was defective);[9] *see also Hudson v. Leake County School Dist.*, 2009 WL 1111181, *2 (S.D. Miss. April 21, 2009) (citing *Schultea* and directing that

---

[9] *See also Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (". . . .when a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading[.]").

"plaintiff must support her § 1983 claim with specific facts demonstrating a deprivation of constitutional rights and may not rely on conclusory allegations").

In addition to the requirement that the allegations be made with particularity, when a government official pleads the affirmative defense of immunity in his answer, *Schultea* "requires that a plaintiff allege with particularity those facts necessary to overcome" the immunity defense. *Jordan v. Wright*, 2008 WL 4279576, * 3 (S.D. Miss. Sept. 12, 2008) (emphasis supplied) (quoting *Meekins v. Thompson*, 2001 WL 422831, *2 (5th Cir. April 4, 2001)). The allegations currently in the complaint are not remotely sufficient to overcome Moore's qualified immunity defense, and it is doubtful that Plaintiff Kasper could allege such sufficient facts against Moore under the constraints of Rule 11.

## II.   Discovery Should be Stayed Until Plaintiff Glenn Kasper Files a Specific Reply with Facts Sufficient to Overcome Moore's Qualified Immunity.

Because the MHP and Jerome Moore, officially, already have filed a motion to dismiss based on lack of jurisdiction and immunity, the stay contemplated by Rule 16 the Uniform Local Rules of the United States District Courts for the Northern and the Southern Districts of Mississippi already is triggered.  More specifically, pursuant to Local Rule 16, "Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." LOCAL RULE 16(b)(3)(B).

What's more, a stay also is proper based on the filing of the instant motion for specific reply. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the United States Supreme Court examined the substantial costs of subjecting government officials to defending damage claims. Consistent with its desire to shield public officials from the diversion of their energies through the forced defense of challenges to actions taken in their governmental capacities, the Court held that until resolution of the threshold question of the application of an immunity defense, "discovery should not be allowed." *Harlow*, 457 U.S. at 818. As this Court previously has found,

4

> One of the primary purposes of the immunity doctrine is to permit officials to carry on with their governmental duties in the wake of litigation. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] ... the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "*Harlow* emphasizes that even such pretrial matters as discovery are to be avoided if possible, as '[i]nquiries of this kind can be peculiarity disruptive of effective government.' ... Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 2815-16, 86L.Ed.2d 411 (1985). Even limited discovery on the issue of qualified immunity "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir.1996), quoting *Mississippi State Employment Serv.*, 41 F.3d 991, 994 & n. 10 (5th Cir. 1995) (emphasis in original).
>
> Unless the plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts, discovery may be prevented at the initial stages of litigation. *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

*Culpepper v. Williams*, 2006 WL 1892018, *1 (S.D. Miss. July 10, 2006).

"Qualified immunity's limits upon access to the discovery process create a new and large role for the Rule 7(a) reply." *Schultea*, 47 F.3d at 1432. "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Id.* at 1434. "[T]he district court in its discretion may require the plaintiff to submit a Rule 7 reply in response to an immunity defense before embarking on potentially costly discovery and litigation. By requiring a Rule 7(a) reply, the district court can be assured that plaintiff has adequately alleged facts in support of claims sufficient to pass the pleading stage." *Truvia v. Julien*, 2006 WL 1675116, *2 (5th Cir. June 12, 2006). "Even limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Burge v. Stalder*, 2002 WL 31845179, *4 n.5 (5th Cir. Dec. 4, 2002) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (emphasis in original)); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and '[u]ntil this

5

threshold immunity question is resolved, discovery should not be allowed.'") (quoting *Harlow*, 457 U.S. at 817 (1982)).

**WHEREFORE, PREMISES CONSIDERED,** Defendant Jerome Moore respectfully requests that this Court enter an Order requiring Plaintiff Glenn Kasper to file a specific and particular reply to the affirmative immunity defense asserted by Moore. Defendant Moore further requests that this Court enter an Order staying discovery—based on this motion and/or Local Rule 16—until Kasper files a specific reply with facts sufficient to overcome Moore's qualified immunity.

THIS, the 19th day of January, 2016.

Respectfully submitted,

BY:   **JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

*s/ Krissy C. Nobile*_____
KRISSY C. NOBILE, MSB # 103577
SPECIAL ASSISTANT ATTORNEY GENERAL

STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS   39205
Telephone No. (601)359-3824
Facsimile: 601-359-2003
knobi@ago.state.ms.us

## **CERTIFICATE OF SERVICE**

This is to certify that on this day I, Krissy C. Nobile, Special Assistant Attorney General for the State of Mississippi, electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notice of such filing to the following:

Joseph A. Denson
DENSON & ASSOCIATES, PLLC
P. O. Box 5022
1004 20th Avenue
Meridian, MS 39302
601/693-5400
Fax: 601/693-5983
Email: densonassociates@bellsouth.net

Lee Thaggard
BARRY, PALMER, THAGGARD, MAY & BAILEY, LLP
P.O. Box 2009
505 Constitution Ave. (39301)
Meridian, MS 39302-2009
601/693-2393
Fax: 601/693-0226
Email: thaggard@barrypalmerlaw.com

THIS the 19th day of January, 2016.

*s/Krissy C. Nobile*
KRISSY C. NOBILE