IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GLENN KASPER                                                                                          PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:15-cv-613-WHB-JCG

THE BOARD OF SUPERVISORS OF LAUDERDALE
COUNTY, MS, SHERIFF WILLIAM SOLLIE,
WESLEY STEPHENS, RUSTON RUSSELL, JACOB MATHIS,
ANDY MATUSZEWSKI, THE MISSISSIPPI HIGHWAY PATROL,
JEROME MOORE, DEPUTY JUSTIN PUGH,
DEPUTY DYLAN ANDERSON, AND OTHER NAMED
INDIVIDUALS, in their personal and business capacities                    DEFENDANTS

## ANSWER OF DEFENDANTS

COME NOW Defendants, The Board of Supervisors of Lauderdale County, MS., Sheriff William Sollie, Wesley Stevens, Ruston Russell, Jacob Mathis, Andy Matuszewski and Dylan Anderson ("these defendants"), through counsel, and respond to Plaintiff's Amended Complaint (the "Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against these defendants and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

These Defendants possess absolute immunity and/or sovereign immunity and/or judicial or quasi-judicial immunity herein from suit and/or liability and/or damages.

### THIRD DEFENSE

These Defendants did not breach any duty owed to the Plaintiff, nor did they violate any right or privilege of the Plaintiff, and therefore, are not liable in damages.

## FOURTH DEFENSE

These Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and therefore are not liable in damages.

## FIFTH DEFENSE

As a matter of law, the Plaintiff is not entitled to any relief from these Defendants.

## SIXTH DEFENSE

At all times, these Defendants acted in good faith and pursuant to a reasonable law enforcement interest toward Plaintiff; these defendants are, therefore, immune from suit.

## SEVENTH DEFENSE

At most, Plaintiff's claims are allegations of simple negligence on the part of these defendants which do not give rise to a claim under 42 U.S.C. § 1983.

## EIGHTH DEFENSE

At no time did any of these Defendants, or any of them, act with deliberate indifference to any right guaranteed Plaintiff by the United States Constitution.

## NINTH DEFENSE

No defendant may be held vicariously liable for any alleged act or omission of any other defendant or person under the circumstances in which Plaintiff's allegations are based.

## TENTH DEFENSE

To the extent that the Plaintiff seeks to assert state law claims in this case, these Defendants are entitled to all rights, immunities and privileges contained in the Mississippi Tort Claims Act which is found at § 11-46-1, *et. seq.* of the Mississippi Code, including, but not limited to, all

exemptions from liability set forth in said Act, the notice of claim requirement set forth in said Act, the limitations on liability set forth in said Act, as well as the fact that Plaintiff is not entitled to a jury trial pursuant to said Act.

### ELEVENTH DEFENSE

The individual Defendants are entitled to and do hereby claim qualified immunity under the facts and circumstances of this case.

### TWELFTH DEFENSE

No Defendant herein can be held liable under the doctrine of respondeat superior.

### THIRTEENTH DEFENSE

At all times, these defendants' actions were in compliance with and in furtherance of compelling state interests and proper law enforcement procedures.

### FOURTEENTH DEFENSE

It is denied that the Plaintiff was deprived of any right or privilege guaranteed to him under the Constitution and Laws of the United States, including but not limited to the Fourth Amendment, the Fifth Amendment, the Eighth Amendment or Fourteenth Amendment to such Constitution and 42 U.S.C. § 1983, or under the Constitution and Laws of the State of Mississippi, as a result of any act of these Defendants, or any of them.  Therefore, each and every allegation of the Complaint to the contrary is denied.

### FIFTEENTH DEFENSE

The Plaintiff's claims are frivolous and should therefore be dismissed.

### SIXTEENTH DEFENSE

At all times, the Plaintiff has been provided care, custody and security which was, at a minimum, adequate under the standards of the United States Constitution, to include but not limited

to the Fourth, Fifth and Fourteenth Amendments, as well as the Constitution and Laws of the State of Mississippi.

## SEVENTEENTH DEFENSE

In the alternative, these Defendants are entitled to, and plead, the defense of good faith immunity.

## EIGHTEENTH DEFENSE

The Defendants now answer the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph of the Complaint appears to require no response from the Defendants. However, to the extent that a response is required, the Defendants deny the Plaintiff's allegations to the extent that the Plaintiff seeks to impose liability upon them.

## PARTIES

A.  These defendants are without information or knowledge sufficient to form a belief as to the truth of the plaintiff's allegations in Paragraph A of the Complaint.

B.  Admitted.

C.  Denied as phrased.

D.  Denied as phrased.

E.  Denied as phrased.

F.  Denied as phrased.

G.  The Plaintiff's allegation in paragraph G do not apply to these Defendants.

H.  Denied.

I.  Denied as phrased.

J.  Denied as phrased.

K.     Denied as phrased.  It is admitted that William Sollie is the Sheriff of Lauderdale County to include during 2014 and 2015.

L.     The Plaintiff's allegation in paragraph L do not apply to these Defendants.

## JURISDICTION AND VENUE

1.     The Defendants do not question the jurisdiction of the Court; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.  In all other respects, the Plaintiff's allegations in paragraphs 1 of the Complaint are denied.

2.     The Defendants do not question the jurisdiction of the Court; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.  In all other respects, the Plaintiff's allegations in paragraphs 2 of the Complaint are denied.

3.     Denied.

4.     The Defendants do not question the venue of the Court; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.  In all other respects, the Plaintiff's allegations in paragraph 4 of the Complaint are denied.

## FACTS

5.     Denied.

6.     The Plaintiff's allegations in paragraph 6, including subparagraphs (a)-(j), of the Complaint are denied.  Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

7.     These defendants are without information or knowledge sufficient to form a belief

as to the truth of the plaintiff's allegations in Paragraph 7 of the Complaint; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

8.  These defendants are without information or knowledge sufficient to form a belief as to the truth of the plaintiff's allegations in Paragraph 8 of the Complaint; however, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.  The Defendants admit that Plaintiff was found guilty on January 13, 2015 of two counts of "Disorderly Conduct/Fail[ure] to Obey" related to an incident which occurred on May 24, 2014, and which due to Plaintiff's own unlawful conduct resulted in his arrest on May 24, 2014.

9.  Denied.

10.  Denied.

11.  Denied.

## CAUSE OF ACTION

### COUNT ONE
### CONSTITUTIONAL AND CIVIL RIGHTS
### PURSUANT TO 42 U.S.C. SECTIONS 1983 AND 1988

12.  Denied.

13.  Denied.

14.  Denied.

### COUNT TWO
### Unconstitutional Prior Restraint
### Pursuant to 42 U.S.C. Sections 1983 and 1988

15.  Denied.

16.  Denied.

17. Denied.

## COUNT THREE
### VIOLATION OF TO 42 U.S.C. SECTION 1983: ARREST

18. Denied.

19. Denied as phrased. Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

20. The Plaintiff's allegations in paragraph 20, including subparagraphs (a)-(d), of the Complaint are denied. Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

21. Denied.

22. Denied.

## COUNT FOUR
### VIOLATION OF TO 42 U.S.C. SECTION 1983: DETENTION AND CONFINEMENT

23. Denied.

24. Denied.

25. Denied.

## COUNT FIVE
### VIOLATION OF TO 42 U.S.C. SECTION 1983: STRIP SEARCH

26. Denied.

27. Denied.

28. Denied.

## COUNT SIX
### MALICIOUS PROSECUTION

29. Denied.

30. The Plaintiff's allegations in paragraph 30, including subparagraphs (a)-(b), of the

Complaint are denied. Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

31. The Plaintiff's allegations in paragraph 31, including subparagraphs (a)-(d), of the Complaint are denied. Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

32. Denied as phrased.

33. Denied.

34. Denied.

## COUNT SEVEN
## FALSE ARREST AND FALSE IMPRISONMENT

35. Denied.

36. The Plaintiff's allegations in paragraph 36, including subparagraphs (a)-(c), of the Complaint are denied. Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT EIGHT
## ASSAULT AND BATTERY

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT NINE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

## COUNT TEN
## VIOLATION OF TO 42 U.S.C. SECTION 1983
## DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

58. Denied.

59. Denied.

60. Denied.

## COUNT 11
## CONVERSION

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## COUNT TWELVE
### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. SECTION 1983 (FAILURE TO IMPLEMENT APPROPRIATE POLICIES, CUSTOMS, AND PRACTICES)

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. The Plaintiff's allegations in paragraph 71, including subparagraphs (a)-(e), of the Complaint are denied. Further, the Defendants deny that the Plaintiff has been denied any right or privilege, or that any alleged duty to the Plaintiff has been breached under any law.

## REQUEST FOR RELIEF

1. Denied. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

2. Denied. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

3. Denied. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

4. Denied. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

5. Denied. Further, the Defendants deny that the Plaintiff is entitled to any relief or damages requested in the Complaint, or any relief or damages whatsoever.

## DEMAND FOR JURY TRIAL

The Plaintiff's demand for a trial by jury are admitted in part and denied in part. To the extent that the Plaintiff seeks a trial by jury on state law claims against these Defendants, the Defendants move this Court to strike any such jury demand on the basis that the same is prohibited by the Mississippi Tort Claims Act.

## NINETEENTH DEFENSE

Plaintiff failed to provide notice pursuant to Miss. Cod Ann. § 11-46-1 *et seq*. Therefore, her state claims against the Defendants are barred.

## TWENTIETH DEFENSE

Alternatively, Plaintiff failed to mitigate his alleged injuries, and his injuries and damages, respectively, if any, would not have occurred, or have been as severe, had Plaintiff mitigated such alleged damages. These Defendants affirmatively plead that, to the extent Plaintiff failed to mitigate his damages, he is barred from recovery.

## TWENTY-FIRST DEFENSE

Alternatively, the actions of others over whom these Defendants have no control and for whose acts and omissions this Defendants are not responsible, combined to constitute the sole proximate cause or a contributing cause of the incident referred to the Complaint, which is denied, and any alleged injuries suffered by Plaintiff.

## TWENTY-SECOND DEFENSE

Alternatively, the incident(s) in question and any alleged injuries resulted from the acts or omissions of persons or entities other than these Defendants for which these Defendants are in no

way responsible or liable. Alternatively, said acts or omissions of persons or entities other than these Defendants constitute an independent, superseding cause for which these Defendants are in no way responsible or liable.

### TWENTY-THIRD DEFENSE

The Defendants may not be held vicariously liable for any alleged act or omission of any person under the circumstances in which Plaintiff's allegations are based.

### TWENTY-FOURTH DEFENSE

The Defendants invoke the provisions of § 85-5-7 of the Mississippi Code and asserts all defenses, rights, privileges, and immunities to which it is entitled thereunder.

### TWENTY-FIFTH DEFENSE

In the alternative, these Defendants affirmatively assert that the Plaintiff's claims are barred in whole or in part by contributory negligence and/or comparative fault.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statue of limitations.

### TWENTY-SEVENTH DEFENSE

At all times, these Defendants acted reasonably and in good faith reliance upon then existing law and are therefore entitled to qualified and/or absolute and/or judicial or quasi-judicial immunity for any and all state and federal law claims alleged herein.

### TWENTY-EIGHTH DEFENSE

These Defendants are immune from liability as to each and every alleged state law claim, if any, pursuant to exemptions set forth in MISS. CODE ANN. § 11-46-9, as amended, including but not limited § 11-46-9(1)(a),(b)(c),(d),(f),(j),(m) of the Mississippi Code.

## TWENTY-NINTH DEFENSE

Plaintiff has failed to comply with the requirements of the Mississippi Tort Claims Act, as codified, and accordingly, this action must be dismissed.

## THIRTIETH DEFENSE

These Defendants complied with all applicable standards of care.

## THIRTY-FIRST DEFENSE

Plaintiff is guilty of comparative fault and Plaintiff's recovery must be limited accordingly.

## THIRTY-SECOND DEFENSE

These Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Civil Justice Reform Act and Mississippi Tort Reform Act, as codified in the Mississippi Code.

## THIRTY-THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts."

## THIRTY-FOURTH DEFENSE

The Plaintiff's claims, or some of them, are barred by the U. S. Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

## THIRTY-FIFTH DEFENSE

Defendants acted at all times reasonably and did not violate any protected right of Plaintiff.

### THIRTY-SIXTH DEFENSE

Plaintiff is barred from recovering from Defendants, to the extent the facts reveal that he was engaged in illegal activity at the time of the incident.

### THIRTY-SEVENTH DEFENSE

Defendants did not violate Plaintiff's right to equal protection under the law.

### THIRTY-EIGHTH DEFENSE

Defendants specifically deny the use of excessive force against Plaintiff.

### THIRTY-NINTH DEFENSE

The facts not having been fully developed, the Defendants affirmatively plead the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of risk, failure to mitigate damages, contributory negligence, statute of limitations, discharge in bankruptcy, duress, estoppel, failure of consideration, laches, license, payment, release, injury by fellow servant, res judicata, collateral estoppel, statute of frauds, waiver, improper venue, lack of subject matter jurisdiction, inadequate notice, absolute immunity, qualified immunity, or any other matter constituting an avoidance or affirmative defense under either state or federal law.

### FORTIETH DEFENSE

Defendants reserve the right to affirmatively plead any and all other defenses and affirmative defenses available to them which may become applicable through discovery and during the trial of this cause.

### FORTY-FIRST DEFENSE

The Defendants invoke the procedural and substantive aspects of § 11-1-65 of the Mississippi Code.

## FORTY-SECOND DEFENSE

The imposition of punitive and several liability for punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

## FORTY-THIRD DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## FORTY-FOURTH DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## FORTY-FIFTH DEFENSE

The Plaintiff's claim for punitive damages is barred as a matter of state and federal law.

## FORTY-SIXTH DEFENSE

Plaintiff's claim for punitive damages is barred by the applicable statute of limitations.

## FORTY-SEVENTH DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the Plaintiff would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution.

## FORTY-EIGHTH DEFENSE

To the extent it seeks punitive damages, the Complaint violates Sections Sixteen and Seventeen of the Mississippi Constitution.

**FORTY-NINTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the standards of liability for punitive damages in Mississippi are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

**FIFTIETH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because the Mississippi standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

**FIFTY-FIRST DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution because Mississippi's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of injuries to impose punishment.

**FIFTY-SECOND DEFENSE**

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to Defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States

Constitution.

### FIFTY-THIRD DEFENSE

The <u>Younger</u> abstention doctrine serves as to bar, or to stay, some or all of Plaintiff's claims.

### FIFTY-FOURTH DEFENSE

To the extent some or all of Plaintiff's claims could be construed as collateral attacks on any decisions or orders of Mississippi state courts, those claims are barred by the Rooker-<u>Feldman</u> doctrine.

### FIFTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages, attorney's fees, interest, and costs are barred by Section 11-46-15(2) of the Mississippi Code.

### FIFTY-SIXTH DEFENSE

The facts not having been fully developed, the Defendants affirmatively plead the following affirmative defenses: insufficiency of process and insufficiency of service of process. The Plaintiff's Complaint should therefore be dismissed pursuant to Rule 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

NOW, having fully answered the allegations of Plaintiff's Complaint and having set forth their defenses thereto, these Defendants move this Court to dismiss the Plaintiff's Complaint with prejudice at Plaintiff's cost, and for an award of attorney fees and expenses pursuant to 42 USC § 1988.

This the 20th day of January, 2016.

Respectfully submitted,

**THE BOARD OF SUPERVISORS OF LAUDERDALE COUNTY, MS, SHERIFF WILLIAM SOLLIE, WESLEY STEVENS, RUSTON RUSSELL, JACOB MATHIS, ANDY MATUSZEWSKI AND DYLAN ANDERSON, Defendants**

BY:   /s/ Lee Thaggard
LEE THAGGARD (MSB #9442)
BARRY, PALMER, THAGGARD,
     MAY & BAILEY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
(601) 693-2393
thaggard@barrypalmerlaw.com
Attorney for Defendants

### CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which provided notice of such filing to:

Joseph A. Denson
Denson & Associates, PLLC
1004 20th Avenue
Meridian, Mississippi 39302

Krissy Casey Nobile
Mississippi Attorney General's Office
Post Office Box 220
Jackson, Mississippi 39205

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

THIS the 20th day of January, 2016.

  /s/Lee Thaggard
LEE THAGGARD