```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

**GLENN KASPER**                                              **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO. 3:15-cv-613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS, et al.**                            **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants, the Mississippi Highway Patrol and Jerome Moore in his official capacity, to Dismiss, which is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Having considered the Motion, to which no Response was filed[1], as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.

**I.   Factual Background and Procedural Hiastory**

On May 24, 2015, Glenn Kasper ("Kasper") was driving his vehicle in Lauderdale County, Mississippi. Kasper alleges that after he briefly stopped at the Allen Swamp Road and Pine Springs

---

[1] Kasper's Response to the subject Motion to Dismiss was due February 5, 2016. On April 11, 2016, United States Magistrate Judge John C. Gargiulo entered an Order requiring Kasper to show cause as to the reason his Response was not filed, and granting Kasper up to and including April 25, 2016, to file his Response. Kasper did not respond to the Show Cause and did not file a Response to the Motion to Dismiss.

Road intersection, the driver's side window of his vehicle was "smashed" by a Lauderdale County deputy.  Kasper further alleges that during this incident he was: (1) never asked for his license, registration, or proof of insurance; (2) yelled at; (3) grabbed and pulled head-first from his vehicle by several deputies; (4) assaulted, i.e. had his head smashed into the pavement; and (5) tazed.  See Am. Compl. ¶6.  A deputy then allegedly made a charge against Kasper of driving under the influence - third offense or greater to the dispatch officer.  Id. at ¶ 6(e). According to Kasper, the charge was based on the mistaken belief that he was his brother, Christopher Kasper.

After being transported to the Lauderdale County Detention Center, Kasper alleges he was strip searched and his requests for a breathalyzer test were denied.  Id. at ¶ 6(h),(i).  Kasper was later charged with driving under the influence of other substances first offense, resisting arrest, disregard of a traffic device, and three counts of disorderly conduct/failure to obey.  Id. at ¶6(j). On January 13, 2015, all charges against Kasper, with the exception of two counts of disorderly conduct/failure to obey were dismissed.

Kasper filed suit in this Court alleging his constitutional rights had been violated by one or more of the following named defendants: the Board of Supervisors of Lauderdale County, Mississippi, and the members of that Board; Lauderdale Sheriff William Sollie; Lauderdale deputies Justin Pugh and Dylan Anderson;

2

the Mississippi Highway Patrol ("MHP"); and MHP Trooper Jerome Moore ("Moore"). Specifically, Kasper alleges his constitutional rights were violated as a result of his restraint, arrest, detention, and strip search. Kasper also alleges claims of malicious prosecution, false arrest/imprisonment, assault and battery, intentional infliction of emotional distress, and conversion. Through his Amended Complaint, which seeks relief under, *inter alia*, 42 U.S.C. § 1983, Kasper seeks declaratory and injunctive relief as well as monetary damages.[2] The MHP and Moore, in his official capacity, now seek dismissal of Kasper's claims on the basis of immunity.

## II.  Standards

Defendants' Motion to Dismiss is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), a party may challenge the existence of federal subject matter jurisdiction. A Rule 12(b)(1) motion may be granted "when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). Motions under Rule 12(b)(1) may be presented as either facial attacks or factual attacks. See Paterson v. Weinberger, 644 F.2d 521, 523

---

[2] As Kasper has alleged claiming arising under federal law, the Court may exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

(5th Cir. 1981).  In cases in which a 12(b)(1) motion is not unaccompanied by supporting evidence, it is considered a facial attack, and the court only considers "the sufficiency of the allegations in the complaint because they are presumed to be true." Id.  In cases in which a 12(b)(1) motion is accompanied by affidavits, testimony, or other evidence, it is considered a factual attack.  Id.  Thus, when considering a Rule 12(b)(1) motion, the court may consider (1) the complaint alone, (2) the complaint plus undisputed facts evidenced in the record, or (3) the complaint, undisputed facts, and the court's resolution of disputed facts.  See Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). The party asserting federal subject matter jurisdiction bears the burden of proving the existence of that jurisdiction.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a cause of action may be dismissed "for failure to state a claim upon which relief may be granted."  When considering a motion brought pursuant to Rule 12(b)(6), courts must "determine whether the plaintiff has stated a legally cognizable claim that is plausible, [and] not ... evaluate the plaintiff's likelihood of success." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)).  In so doing, courts must liberally construe the allegations in the complaint in favor of the plaintiff, and

4

accept all pleaded facts as true.  See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  As regard the sufficiency of the allegations, the United States Court of Appeals for the Fifth Circuit has held:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555.

In re Katrina Canal Breaches Lit., 495 F.3d 191, 205 (5th Cir. 2007).

### III.  Discussion

The MHP has moved for the dismissal of Kasper's federal and state law claims on the basis of Eleventh Amendment immunity.  The Eleventh Amendment of the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State."  This amendment has been held to bar "an individual from suing a state in federal court

unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002)(citing U.S. Const. amend. XI; College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999)).  The scope of the immunity provided by the Eleventh Amendment "extends to any state agency or entity deemed an "alter ego" or "arm" of the state."  Id. at 326 (citing Vogt v. Board of Comm'rs, 294 F.3d 684, 688-89 (5th Cir. 2002)).

Here, it is clear that the MHP is an "arm of the state" for immunity purposes.  See King v. Mississippi Highway Patrol, 827 F. Supp 402, 403 (S.D. Miss. 1993)("Mississippi statutory law makes clear that MHP is an arm of the state.").  See also Whitfield v. City of Ridgeland, 876 F. Supp. 2d 779, 783 (S.D. Miss. 2012)(dismissing claims against MHP based on Eleventh Amendment immunity).  As the Eleventh Amendment bars all of Kasper's federal and state law claims against the MPH, the Motion of the MPH to Dismiss will be granted.

Moore has also moved for dismissal of Kasper's federal and state law claims alleged against him in his official capacity based on the immunity provided by the Eleventh Amendment.  The Eleventh Amendment principle of state sovereign immunity "generally precludes actions against state officers in their official capacities," McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412

6

(5th Cir. 2004), because such suits are considered suits against the state.  See Hafer v. Melo, 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity ... should be treated as suits against the State.").  As the Eleventh Amendment bars all of Kasper's federal and state law claims against Moore, in his official capacity, Moore's Motion to Dismiss will likewise be granted.  See e.g. Hopkins v. Mississippi, 635 F. Supp. 2d 709, 712 (S.D. Miss. 2009)(holding: "To the extent plaintiff is alleging that [defendant] was acting in the course and scope of his public employment *as a state trooper, i.e.,* was acting in his "official capacity," then by virtue of the Eleventh Amendment, neither he nor [any of] the other State defendants is subject to suit in this court.").

## IV.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants, the Mississippi Highway Patrol and Jerome Moore in his official capacity, to Dismiss [Docket No. 16] is hereby granted.

SO ORDERED this the 26th day of April, 2016.

                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE