IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GLENN KASPER**                                                                            **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:15cv613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS et al.**                                       **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF MOTION TO REQUIRE**
**SPECIFIC REPLY TO DEFENDANTS' IMMUNITY DEFENSE**
**AND TO CONTINUE STAY OF DISCOVERY**

COME NOW Defendants, Jacob Mathis, Andy Matuszewski, Ruston Russell, William Sollie, Wesley Stephens, and Dylan Anderson, in their individual capacities, (collectively "the Defendants"), and file this their Memorandum Brief in Support of their Motion to Require Specific Reply to Defendants' Immunity Defense and to Continue Stay of Discovery as follows:

**BACKGROUND**

In his Amended Complaint, Plaintiff alleges that on or about May 24, 2015, he was encountered "by Lauderdale County Sheriff's Department deputies at the intersection of Allen Swamp Road and Pine Springs Road."[1] Plaintiff asserts that he observed defendant Deputy Russell, but "no signal, hand or otherwise, was given indicting that [Plaintiff] should stop beyond

---

[1] *See* Amended Complaint at paragraph 5. As noted in the Defendant's Memorandum Brief in Support of Summary Judgment, Plaintiff has included a typographical error in paragraph 5 of his original and his Amended Complaint, which indicates that Plaintiff's encounter with law enforcement occurred on May 24, 2015; Plaintiff alleges that on or about May 24, 2015, he allegedly was encountered "by Lauderdale County Sheriff's Department deputies at the intersection of Allen Swamp Road and Pine Springs Road." *See* ECF No. 11, para. 5.  However, it is clear from the remainder of the Complaint and its supporting documents that the encounter actually occurred on May 24, 2014.

compliance with rules of the road."[2] After briefly stopping at the intersection, Plaintiff allegedly had his driver's side window "smashed by a Lauderdale County Deputy."[3]

Plaintiff also claims that there was "no probable cause for [his] arrest," and that he was "grabbed, pulled, by several Deputies, and removed from his vehicle head first."[4] The complaint goes on to allege that "Lauderdale County Deputies immediately continued to use excessive force by ripping Plaintiff's shirt completely off and repeatedly assaulting him, specifically smashing his head into the pavement."[5] Plaintiff also contends that he was tased by the deputy and placed into the deputy's patrol car.[6] Thereafter, Plaintiff maintains that he was transported to the "Lauderdale County Detention Center," where he allegedly was "immediately strip searched and the two taser barbs were removed from this person."[7] Plaintiff subsequently was charged with several misdemeanor violations, and the court later dismissed all charges "except Counts I and II of Disorderly Conduct."[8] Plaintiff attached the abstracts of such Judgments as a part of Composite Exhibit "B" to his Amended Complaint.[9]

The Defendants, each in their respective individual capacity, have filed a motion to

---

[2] *Id.* at paragraph 6a.

[3] *Id.* at paragraph 6b.

[4] *Id.* at paragraph 6f.

[5] *Id.* at paragraph 6f.

[6] *Id*. at paragraph 6g.

[7] *Id*. at paragraph 6h.

[8] *Id*. at paragraph 6j - 8.

[9] *Id*. at Exh. "B", pages 23-24 of 27.

dismiss based on qualified immunity (among other things). For the reasons stated in this memorandum, the Court should direct the Plaintiff to specifically reply to that claim and continue the stay of discovery in this case pending such a reply.

## ARGUMENT

### I. The Defendants are Entitled to a Specific Reply to their Immunity Defense Pursuant Rule 7(a) and the Fifth Circuit's Directives in *Schultea v. Wood*.

The Defendants have properly invoked their affirmative defense that they are protected by qualified immunity. *See* ECF No. 21 at 3. Qualified immunity includes both immunity from damages and, importantly, immunity from suit. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816-818 (1982). Consistently, the Fifth Circuit has ruled that "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

When a government official pleads the affirmative defense of immunity in his answer, *Schultea* "requires that a plaintiff allege with particularity those facts necessary to overcome" the immunity defense. *Jordan v. Wright*, 2008 WL 4279576, * 3 (S.D. Miss. Sept. 12, 2008) (quoting *Meekins v. Thompson*, 2001 WL 422831, *2 (5th Cir. April 4, 2001)). The specific reply required by *Schultea* must allege with "particularity" those specific facts which, if true, would overcome the defendant's immunity defense. *Reyes*, 168 F.3d at 161.

### II. Discovery Should be Stayed Until Plaintiff Kasper Files a Specific Reply with Facts Sufficient to Overcome Defendants' Qualified Immunity.

The stay contemplated by Rule 16 of the Uniform Local Rules of the United States

District Courts for the Northern and the Southern Districts of Mississippi has already been triggered by the filing of Defendants' motion for summary judgment based, among other things, on qualified immunity.   Local Rule 16 provides that "[f]iling a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." LOCAL RULE 16(b)(3)(B).  The Court should continue the stay previously entered in this case pending a ruling on the Defendants' motion.

Further, a stay is also proper based on the filing of the instant motion for specific reply. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the United States Supreme Court held that until resolution of the threshold question of the application of an immunity defense, "discovery should not be allowed." *Harlow*, 457 U.S. at 818.  A defendant entitled to claim qualified immunity is shielded not only from liability but also from "the costs of trial [and] ... the burdens of broad-reaching discovery." *Harlow v. Fitzgerald*, 457 U.S. 800, 816, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Culpepper v. Williams*, 2006 W.L. 1892018 at *1 (S.D. Miss. July 10, 2006).  "Even limited discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Burge v. Stalder*, 2002 WL 31845179 at *4, n.5 (5th Cir. Dec. 4, 2002) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (emphasis in original)).

**WHEREFORE, PREMISES CONSIDERED,** Defendants Mathis, Matuszewski, Russell, Sollie, Stephens and Anderson, in their individual capacities respectfully requests that this Court enter an Order requiring Plaintiff Kasper to file a specific and particular reply to the

affirmative immunity defense asserted by them. They further request that this Court enter an Order continuing the stay of discovery based on this motion and/or Local Rule 16—until Kasper files a specific reply with facts sufficient to overcome their qualified immunity.

This the 9th day of August, 2016.

Respectfully submitted,

**SHERIFF WILLIAM SOLLIE, WESLEY STEVENS, RUSTON RUSSELL, JACOB MATHIS, ANDY MATUSZEWSKI AND DYLAN ANDERSON, Defendants**

BY:   /s/ Lee Thaggard
LEE THAGGARD (MSB #9442)
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
(601) 693-2393
thaggard@btmblaw.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which provided notice of such filing to:

Joseph A. Denson
Denson & Associates, PLLC
1004 20th Avenue
Meridian, Mississippi 39302

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: None.

THIS the 9th day of August, 2016.

  /s/Lee Thaggard
LEE THAGGARD