**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**GLENN KASPER**                                                                          **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 3:15cv613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS et al.**                                           **DEFENDANTS**

**UNOPPOSED JOINT MOTION TO**
**AMEND SCHEDULING ORDER**
**AND CONTINUE TRIAL SETTING**

COME NOW the parties, through counsel, and file this their Unopposed Joint Motion to Amend Scheduling Order and Continue Trial Setting, and in support thereof would respectfully show unto the Court the following:

1. The Plaintiff filed his original Complaint (ECF No. 1) on August 21, 2015. Thereafter before any Defendant filed an Answer or other responsive motion or pleading, Plaintiff filed his Amended Complaint as a matter of right on December 21, 2015. See Amended Complaint (ECF No. 11). His claims stem from an encounter which he had with certain law enforcement officers in Lauderdale County on May 24, 2014.[1]  See ECF No. 11, paras. 5, 8, 11.

2. On August 5, 2016, the individual Defendants moved for Summary Judgment based, among other things, on qualified immunity. See ECF Nos. 33 and 34. By Order entered on

---

[1] In his Amended Complaint (ECF No. 11), he asserts 12 claims: (i) a general claim of violation pursuant to 42 U.S.C. § 1983 and § 1988, (ii) unconstitutional prior restraint pursuant to 42 U.S.C. § 1983 and 1988, (iii) false arrest pursuant to 42 U.S.C. § 1983, (iv) wrongful detention and confinement pursuant to 42 U.S.C. § 1983, (v) a violation pursuant to 42 U.S.C. § 1983 arising out of strip search at the Lauderdale County Detention Facility, (vi) malicious prosecution, (vii) false arrest and false imprisonment, (viii) assault and battery, (ix) intentional infliction of emotional distress, (x) deprivation of property without due process pursuant to 42 U.S.C. § 1983, (xi) conversion, and (xii) failure of Lauderdale County to implement appropriate policies, customs and practices.

October 5, 2016, the Court granted summary judgment on all individual capacity claims against Jacob Mathis, Andy Matuszewski, Ruston Russell, Sheriff William Sollie, Wesley Stephens, and Dylan Anderson.  See ECF No. 37.

    3.  Because the case was stayed during the pendency of the Defendants' qualified immunity motion, the Court's summary judgment order also required counsel for the movants to contact the magistrate judge's office within seven (7) days to schedule a Case Management Conference. Id. at 9.  Following the required notification, the Court entered a text order on October 7, 2016, setting Telephonic Case Management Conference for November 14, 2016.

    4.  As scheduled, the Court conducted the Telephonic Case Management Conference, during which counsel for the parties agreed to an **expedited** litigation track.  Later on November 14, 2016, the Court entered its Case Management Order (ECF No. 39), which includes, among other things, the following litigation deadlines:

| Date | Deadline |
|---|---|
| November 5, 2016: | Plaintiff to fully comply with pre-discovery disclosure requirements; |
| December 14, 2016: | Deadline to file motions for joinder of parties or amendments to the pleadings; |
| January 13, 2017: | Plaintiff's expert designation deadline; |
| February 13, 2017: | Defendants' expert designation deadline; |
| March 20, 2017: | Discovery deadline; |
| April 3, 2017: | Deadline for filing dispositive and Daubert-type motions; |
| August 31, 2017: | ADR reporting deadline; |
| September 7, 2017: | Pre-Trial Conference; |
| October 2, 2017: | Jury Trial. |

By Text Order entered on November 17, 2016, the Court set a Settlement Conference for July 27, 2017 at 9:30 a.m.

5.  Since the Case Management Order was entered on November 14, 2016, the parties collectively have served initial and supplemental discovery disclosures, served and responded to extensive written discovery requests and have begun taking depositions.  Despite diligent efforts, the parties have been unable to complete the discovery necessary to prepare the case for trial, and are in need of additional time to complete discovery.  The parties need to complete written discovery supplementations, as well as to complete depositions to include the Plaintiff and several law enforcement officers who were named as individual Defendants in the case.  Counsel for the parties are cooperating in good faith and have set aside April 28 and May 2, 3, 5, 22 and 25, 2017 to complete the discovery necessary to prepare the case for trial.

6.  Counsel anticipate that an extension of at least sixty-days (60) for the following deadlines will be adequate:

> Discovery deadline;
> Dispositive motions deadline;
> Report regarding ADR;
> Pre-Trial Conference; and
> Jury Trial.

Regarding the trial date, the parties request that the trial date be continued to a date to be determined by the Court that is consistent with an extension of 60 days for the above deadlines. Counsel further request that upon the setting of a new trial date, the Court allow the parties to confer with the Magistrate Judge to establish the remaining deadlines for an amended scheduling order.

7.  The parties are sensitive to the fact that this case has been pending since August 21, 2015, and were optimistic during the Case Management Conference that they could complete discovery on an expedited litigation track.  However in view of the status of discovery, the parties jointly request to amend the Case Management Order to include continuing the trial setting.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court continue the trial setting and to extend the deadlines for discovery, motions, ADR report and pretrial conference for a minimum of 60 days. The parties request such other and further relief as the Court may deem just and proper under the circumstances.

This the 3rd day of April, 2017.

        Respectfully submitted,

        **GLENN KASPER, Plaintiff**

        BY:   / s/ Joseph A. Denson
        Joseph A. Denson (MSB #101910)
        Denson & Associates, PLLC
        1931 23rd Avenue
        Meridian, Mississippi 39302
        jdenson@densonandassociates.com
        Attorney for Plaintiff

        AND

**BOARD OF SUPERVISORS OF LAUDERDALE COUNTY, MS,**
**and**
**SHERIFF WILLIAM SOLLIE, WESLEY STEVENS, RUSTON RUSSELL, JACOB MATHIS, ANDY MATUSZEWSKI AND DYLAN ANDERSON in their official capacities, Defendant**

BY:   */s/Lee Thaggard*
LEE THAGGARD (MSB #9442)
BARRY, THAGGARD, MAY & BAILEY, LLP
Post Office Box 2009
Meridian, MS 39302-2009
(601) 693-2393
thaggard@btmblaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which provided notice of such filing to all counsel of record:

All Counsel of Record

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

THIS the 3rd day of April, 2017.

   */s/Lee Thaggard*
Lee Thaggard