```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

**GLENN KASPER**                                                    **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 3:15-cv-613-WHB-JCG**

**THE BOARD OF SUPERVISORS OF**
**LAUDERDALE COUNTY, MS, ET AL.**                                   **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Defendants to Exclude the Expert Testimony of Andrew J. Scott. Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

In May of 2014, Glenn Kasper ("Kasper") was driving his vehicle in Lauderdale County, Mississippi. Kasper alleges that after he briefly stopped at the Allen Swamp Road and Pine Springs Road intersection, the driver's side window of his vehicle was "smashed" by a Lauderdale County deputy. Kasper further alleges that during this incident he was: (1) never asked for his license, registration, or proof of insurance; (2) yelled at; (3) grabbed and pulled head-first from his vehicle by several deputies; (4) assaulted, i.e. had his head smashed into the pavement; and (5) tazed. <u>See</u> Am. Compl. ¶ 6. A deputy then allegedly made a charge

against Kasper of driving under the influence - third offense or greater to the dispatch officer.  Id. at ¶ 6(e). According to Kasper, the charge was based on the mistaken belief that he was his brother, Christopher Kasper.

After being transported to the Lauderdale County Detention Center, Kasper alleges he was strip searched and his requests for a breathalyzer test were denied.  Id. at ¶ 6(h), (i).  Kasper was later charged with driving under the influence of other substances first offense, resisting arrest, disregard of a traffic device, and three counts of disorderly conduct/failure to obey.  Id. at ¶ 6(j). All charges, with the exception of two counts of disorderly conduct/failure to obey, were later dismissed.  Thereafter, Kasper filed suit against the Board of Supervisors of Lauderdale County ("Board"), the Mississippi Highway Patrol ("MHP"), and various employees of those entities[1] alleging, *inter alia*, that they had violated his constitutional rights based on the manner in which he was arrested and detained.  During the course of litigation, Kasper designated Andrew J. Scott ("Scott") as an expert in the field of police practice and procedure.  Defendants have now moved to exclude Scott from testifying as an expert in this case.

---

[1]  Kasper's claims against the MHP; MHP Trooper Jerome Moore in his official and individual capacities; Lauderdale County Deputy Justin Pugh; and Jacob Mathis, Andy Matuszewski, Ruston Russell, Sheriff William Sollie, Wesley Stephens, and Dylan Anderson in their individual capacities have been dismissed.  See Opinions and Orders [Docket No. 26, 27, 30, and 37].

2

## II. Discussion

On January 13, 2017, Kasper designated Scott as an expert in the field of police practice and procedure. See Designation [Docket No. 40]. In his designation, Kasper includes the following:

> Scott will provide testimony regarding the police practice and procedure, including but not limited to excessive use [of] force, including but not limited to use of a taser, improper police practices and procedures, wrongful [] arrest, roadblocks, and police training.
>
> No formal reports have been prepared at this time. However, we expect that Mr. Scott's opinion and bases thereof will be supported by the pleadings in this action, [a]nswers to discovery request[s], deposition testimony, and any information revealed through the discovery process.

Id. at ¶ 1(a) and (b). Defendants have now moved to exclude Scott from testifying on the grounds that he was not properly designated as an expert.

As regards expert witnesses, the Federal Rules of Civil Procedure require the following:

> (A) [A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;

3

> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(A) and (B). The failure to comply with the dictates of Rule 26(a) can result in an expert's being excluded from testifying. See FED. R. CIV. P. 37(c)(providing: "If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless...").

There is no dispute that Scott was not properly designated as an expert in this case because, *inter alia*, his designation was not accompanied by an expert report as required by Rule 26(a). To determine whether to exclude Scott based on his having been improperly designated, the Court considers four factors: (1) the explanation for the failure to properly designate the expert, (2) the importance of the expert's testimony, (3) the potential prejudice to the other party in allowing the testimony, and (4) the availability of a continuance to cure the potential prejudice, if any. See Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d

875, 883 (5th Cir. 2004) (citing Geiserman v. MacDonald, 893 F.2d 787, 791 (5th Cir. 1990)).

As regards the first factor, the Court finds Kasper has failed to offer a legitimate explanation for his failure to timely produce Scott's expert report. Even if the Court credits Kasper's explanation that Scott needed the materials produced in discovery to complete his expert report, the Docket shows that discovery in this case, with the exception of the deposition of Wesley Stephens, had been completed by June 2, 2017. See Mot. [Docket No. 89] (indicating that "the parties collectively have served supplemental discovery disclosures and responses, and have completed all desired depositions, with the exception of Wesley Stephens who is one of the officers involved in the incident with Plaintiff and who was named as a defendant in this case."). Stephens was deposed on June 28, 2017. Kasper, however, did not produced any expert report for Scott until August 22, 2017, the date on which he responded to the Motions of Defendants for Summary Judgment and/or to Exclude. Kasper has offered no explanation for the nearly two-month delay between the close of discovery and the production of Scott's expert report. Accordingly, the Court finds this factor weighs in favor of granting the Motion to Exclude.

As regards the second factor, the Court was not provided a copy of Scott's export report and, therefore, it is difficult to

5

assess the importance of his opinions in this case.[2]  The Court
finds, however, that because Scott is the only expert designated by
Kasper, and it appears that his expert opinions/testimony would be
material to Kasper's claims, that Scott's opinions would, at a
minimum, be important in this case.  Accordingly, the Court finds
this factor weighs against the granting of the Motion to Exclude.

As regards the third factor, the Court finds Defendants have
shown they would be severely prejudiced in the event Scott was
permitted to offer his expert opinions/testimony in this case.
Although Defendants were aware of Scott's having been designated as
an expert, they were not apprised of any of his opinions until (1)
the discovery period had closed, (2) they had moved for summary
judgment based on the evidence then in the record, and (3) they had
moved to exclude Scott on the grounds he had been improperly
designated.  Indeed it appears that it was not until Kasper
responded to the Motions for Summary Judgment and/or to Exclude
that any of Scott's expert opinions were made known to Defendants,
or that Kasper made any attempt to comply with requirements of Rule
26(a).  Based on the last-minute disclosure of Scott's expert
opinions, which were completely unknown to Defendants either during
the period for discovery or before Kasper responded to their

---

[2]  Although the pleadings suggest that a copy of Scott's
Supplemental Report would be attached as an exhibit to Kasper's
Response to the Motion to Exclude, no exhibits were filed with
the Court.

Motions for Summary Judgment and/or to Exclude, the Court finds the potential prejudice to Defendants by allowing Scott's opinions weighs in favor of granting the Motion to Exclude.

Finally, as regards the fourth factor, the Court finds that while a continuance would likely cure any potential prejudice to Defendants, such relief has not been shown justified in this case. As discussed above, discovery in this case was concluded on June 28, 2017. Despite that fact, Kasper made no attempt to produce the expert report required by Rule 26(a) until August 22, 2017, when he was required to respond to the dispositive motions filed by Defendants. Additionally, Kasper has not provided any explanation for that delay. Under these circumstances, the Court finds no basis for granting a continuance in this case. See e.g. Geiserman, 893 F.2d at 792 (finding a continuance was not justified in a case in which it would have "resulted in additional delay", "increased the expense of defending the lawsuit", and "would [neither] deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."). Accordingly, the Court finds this factor also weighs in favor of granting of the Motion to Exclude.

In sum, based on its review of the Hamburger factors, the Court finds Scott should be excluded as an expert under Rule 37(c) of the Federal Rules of Civil Procedure based on his having been improperly designated under Rule 26(a) of those Rules. The Motion of Defendants to Exclude will, therefore, be granted.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants to Exclude Plaintiff's Expert [Docket No. 95] is hereby granted.

SO ORDERED this the 18th day of October, 2017.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE